WILSON HARGETT CONST. CO. *v.* HOLMES.

5-2780                                    361 S. W. 2d 634

Opinion delivered November 12, 1962.

*Mahony & Yocum,* for appellant.

*William H. Donham,* for appellee.

ED F. McFADDIN, Associate Justice. This is a Workmen's Compensation case arising from a heart attack

which the employee, Lawson R. Holmes, sustained because of his work for appellant employer (Wilson Hargett Construction Company) on June 22, 1960. Both the Referee, and the Full Commission on appeal, found for the claimant; the Circuit Court affirmed the Commission; and the employer and its insurance carrier prosecute this appeal.

At the hearing before the Referee it was shown that the claimant Holmes had suffered a previous heart attack while doing heavy work, either for himself or another, in 1957; that he had remained in bed about six weeks under a doctor's care; that he had then been allowed to return to work but cautioned against any heavy work or lifting; that from 1958 to 1960 he had worked regularly; that on June 22, 1960 he was working for the appellant at $160.00 per week (forty hours at $4.00 per hour) as a pipe fitter; that on June 22, 1960 he was called to do heavy lifting, which he undertook and which brought on his heart attack here involved. The doctors testified that the work of June 22, 1960 caused Holmes' present heart condition; but they disagreed among themselves as to what percentage of his present disability was due to the 1957 heart attack and what percentage to the 1960 heart attack. After hearing all the evidence offered, the Referee made an award on April 13, 1961 in favor of Holmes for all hospital and medical bills, for an attorney's fee, and for temporary total disability from June 26, 1960 to December 26, 1960, and for permanent partial disability of 75% for 337½ weeks from December 27, 1960.

The employer and its insurance carrier appealed to the Full Commission and offered additional testimony and there claimed (*inter alia*) that the present disability, if any, resulted from prior heart attack in 1957; and that if additional disability resulted from the 1960 heart attack, then the total disability should be apportioned between the two attacks. When the employer offered evidence on the apportioning of the disability, the attorney for the claimant objected: " . . . on the grounds, that the apportionment, according to the case of

*McDaniel* v. *Hilyard Drilling Company,* of February 13, 1961, of the Supreme Court, does not apply in a case where no previous compensation has been paid, and where the man has gone back to full time work earning full wages.'' The Workmen's Compensation Commission's opinion is, in part, as follows:

''Respondents on appeal raise these issues: (1) whether the claimant sustained a compensable injury in the course of his employment; and (2) the amount of permanent partial disability suffered by the claimant by reason of the alleged injury. The question of whether claimant sustained a compensable injury has been covered by the medical and lay testimony in the claim. There is no dispute between the four doctors who have seen and examined claimant as to the causal connection between claimant's work and his heart attack. The opinions of the medical witnesses can be summarized by saying that the work did contribute to the full infarction syndrome, even though claimant had predisposing coronary artery disease.

''Another question is involved when consideration is given the amount of permanent partial disability suffered by the claimant by reason of the injury of June 22, 1960. Involved in this question is the fact that the claimant had suffered a previous heart attack in 1957. It should be noted that this first attack was not claimed as an industrial injury and the claimant had returned to full employment between the first and second heart attacks. . . .

''The question of apportionment in Arkansas was decided by our Supreme Court in the case of *McDaniel* v. *Hilyard Drilling Co.,* opinion delivered February 13, 1961, Volume 107, Law Reporter 16, Page 573,[1] and this Commission feels that the disability in the present claim should not be apportioned. The Commission is of the opinion that, taking all of the evidence into consideration, it shows that the claimant is still totally disabled from any type of work at the present time. Under the definition of 'Disability' (Section 2 (e) of the Act), 'Disability

---

[1] This case is reported in 233 Ark. 142, 343 S. W. 2d 416.

means incapacity because of injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of the injury.' A study of the medical evidence, as well as giving weight to age, education and experience (*Glass* v. *Edens*, decided June 5, 1961, Volume 108, Law Reporter No. 4, Page 160)[2] shows, in the opinion of the Commission, that the claimant is totally disabled at the present time and will be for a period of time yet to be determined.

"Respondents raise one issue that it is felt should be commented upon, same being the contention that claimant was negligent in continuing to work when from his past experience he should have known he was suffering a heart attack. We give no weight to this contention, as negligence is not a bar to recovery under the Act."

The Commission's award was as follows:

"In addition to all reasonable medical expenses arising from this injury, the respondents are directed to pay temporary total disability compensation to the claimant at the rate of $35.00 per week from and including June 26, 1960, and continue the payment of same to a date to be determined in the future and the further directions of **this Commission. 'The respondents are further directed** to pay to Mr. William H. Donham, attorney for the claimant, the maximum attorney's fee as provided by the workmen's compensation law.' "

The Commission's opinion and award are in all things correct. In *McDaniel* v. *Hilyard*, 233 Ark. 142, 343 S. W. 2d 416, we considered in detail under what circumstances a disability could be apportioned; and we quoted the following from Larson's Workmen's Compensation Law, Volume 2, page 58, § 59: "To be apportionable, then, an impairment must have been independently producing some degree of disability before the accident, and must be continuing to operate as a source of disability after the accident." In the case at bar, Holmes had suffered a heart attack in 1957, but that heart attack was not producing any degree of disability at the time of the

---

[2] This case is reported in 233 Ark. 786, 346 S. W. 2d 685.

heart attack in this case in June, 1960. Holmes had returned to work and was engaged by Wilson Hargett Construction Company as a pipe fitter and was earning $160.00 a week. The attack in 1957 had resulted in no impairment of Holmes' earning capacity; and the appellant and its insurance carrier are not entitled to claim any theory of apportionment to reduce the amount that Holmes is entitled to receive for the heart attack which he sustained in June 1960 and which has left him incapable of earning any money at the present time. It is well to note that in its opinion in this case, the Full Commission said of Holmes' 1957 heart attack: ''It should be noted that this first attack was not claimed as an industrial injury and the claimant had returned to full employment between the first and second heart attacks.'' The Workmen's Compensation Commission correctly followed our holdings in *McDaniel* v. *Hilyard,* 233 Ark. 142, 343 S. W. 2d 416; and *Glass* v. *Edens,* 233 Ark. 786, 346 S. W. 2d 685.

Affirmed.