SHIFLETT *v.* SCOTT COUNTY POULTRY Co.

5-3517                                           388 S. W. 2d 552

*Donald Poe,* for appellant.

*Daily & Woods,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a workmen's compensation case. Appellant Fred A. Shiflett was employed by the appellee, Scott County Poultry Company. On August 14, 1962 while at his work on a wet slippery floor his feet slipped, and to keep from falling he grabbed a nearby counter and received a strain in the lumbosacral region of his back. The present claim is for temporary total disability.[1]

---

[1] The Workmen's Compensation Commission stated in its opinion: "The question of permanent partial disability is not now before the Commission."

The Referee heard the claim on February 26, 1963, and disallowed it after finding that the claimant had failed to establish any right to compensability. There was an appeal to the Full Commission, at which the claimant again testified on February 24, 1964. The Full Commission also disallowed the claim on the ground that the claimant had failed to establish that he suffered any temporary total disability as a result of his employment by the Scott County Poultry Company. The Circuit Court affirmed the Commission and the claimant prosecutes this appeal. We have made a most careful study of the entire record and have concluded that there is substantial evidence to sustain the finding of the Commission; so we must affirm the Circuit Court under our well established rule. *J. L. Williams & Sons* v. *Smith*, 205 Ark. 604, 170 S. W. 2d 82; *Rannals* v. *Smokeless Coal Co.*, 229 Ark. 919, 319 S.W. 2d 218.

The testimony of the claimant and his witnesses was to the effect that the claimant was in the Navy of the United States from June 1943 to December 1945, and that at the time of his discharge he had a 10% disability rating due to arthritis; that later this disability rating was increased to 20%; then to 40%; and since 1955 the claimant's disability rating has been 50%. After the Navy service the claimant worked as a bus and mail driver for the Ft. Smith Interurban Line, delivering mail and passengers from Mansfield to Ft. Smith and return. In 1962 he left that employment and became custodian in the Federal Building in Ft. Smith, where he worked for approximately six months, until a disagreement arose with his foreman. He began work for the Scott County Poultry Company in June 1962 and worked regularly until August 14, 1962, when he received the lumbosacral strain, as previously mentioned. The next day the company did not work and the claimant remained in bed. On August 16th, the claimant went to Dr. Jenkins, who treated him on three different occasions and released him to go back to work. He worked 14 hours and 45 minutes and had to quit due to pain. His foreman sent him to Dr. Wright for examination and treat-

ment. Dr. Wright's reports on the condition of the claimant will be later mentioned, as also will be Dr. Wright's testimony. At the time of testifying before the Referee —on February 26, 1963—the claimant was able to milk two cows each day. On February 24, 1964 the claimant testified before the Full Commission that since March 18, 1963 he had been driving a bus and handling mail at weekly wages of $68.00, even though he still suffered pain in his lower back and hip.

We come now to the reports of Dr. Wright to the insurance carrier on the condition of the claimant. On September 4, 1962, Dr. Wright reported that the claimant had received a lumbosacral strain on August 14th and had been treated by Dr. Jenkins until August 25, 1962, when claimant first came to Dr. Wright. Dr. Wright reported: ''Patient was able to resume regular work on August 20, 1962.'' The claimant visited Dr. Wright's office on August 25th, September 1st, September 7th, and September 10th, for diathermy treatments; and on September 10th Dr. Wright advised the insurance carrier that the claimant was capable of doing the same work as before the injury and had been pronounced as able to resume work as of August 20, 1962. On February 9, 1964, the claimant's attorney had the claimant examined by Dr. Kenneth Jones; and Dr. Jones' report is in the record. While it revealed a degenerative disc disease, it did not express any opinion as to the condition[2] being connected with claimant's employment.

---

[2] Here is Dr. Jones' full report:

"As requested, on February 9, 1964 the above patient was admitted to Memorial Hospital where on February 10, 1964 a myelographic examination was carried out. This examination revealed a marked filling defect in the midline and to the right side at the last mobile segment. A diagnosis in this instance of degenerative lumbar disc disease at the level of the last mobile interspace of the spine would be correct.

"In view of the fact that this patient has suffered symptoms of this disease for a period of one and one-half years and I would anticipate that the future picture will be that of the past, I would anticipate that surgical intervention would reduce the patient's discomfort and permit him to be ambulatory in much more satisfactory manner. However, in view of this patient's age and the one and one-half years duratoin, I am skeptical that surgical intervention would return this patient to an arduous type of employment. I am of the opinion that these factors should be weighed carefully by the patient and all persons involved prior to surgical intervention."

It is true that in his testimony before the Referee Dr. Wright was not as positive in his diagnosis and prognosis as he was in his reports, but he did not disavow the reports or say that they were incorrect. So with the record in this condition, the Commission found that the claimant had failed to prove any temporary total disability after August 20, 1962. The appellant insists that the mere fact that he had a preexisting disability (arthritis) did not, in itself, defeat recovery for his lumbosacral strain, and that if the lumbosacral strain aggravated his arthritic condition then he should recover compensation. The claimant is correct as to the law. *Harding Glass Co.* v. *Albertson,* 208 Ark. 866, 187 S. W. 2d 961; *Reynolds Metal Co.* v. *Robbins,* 231 Ark. 158, 328 S. W. 2d 489; and *Wilson Hargett Co.* v. *Holmes,* 235 Ark. 698, 361 S. W. 2d 634. But these general principles of law do not supply the appellant's deficiency in proof. The Commission found that he failed to prove any temporary total disability after August 20, 1962; and we cannot say that the Commission's findings are without substantial evidence to support them, in view of the reports of Dr. Wright, as previously mentioned.

Affirmed.