### CRAIGHEAD MEMORIAL HOSPITAL *v.* Sibyl HONEYCUTT

CA 81-267                                              633 S.W.2d 53

Court of Appeals of Arkansas
Opinion delivered May 19, 1982

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*Skillman & Durrett,* by: *Chad L. Durrett, Jr.,* for appellee.

MELVIN MAYFIELD, Chief Judge. This is an appeal from the Arkansas Workers' Compensation Commission. The commission affirmed and adopted the administrative law judge's opinion finding the claimant "currently totally disabled" as a result of an injury to her back sustained on March, 16, 1978, while employed by appellant Craighead Memorial Hospital.

The appellant's sole contention on appeal is that the commission erred in not apportioning liability pursuant to the provisions of the second injury section of the Workers' Compensation Act, Ark. Stat. Ann. § 81-1313 (f) (2) (ii) (Repl. 1976).

Appellant's contention is based upon the fact that the appellee had a previous injury to her back which was not job related but which contributed 12.5% to the 30% anatomical disability to the body as a whole which the commission found the claimant sustained as a result of both injuries. The law judge's opinion points out that section 81-1313 (f) (2) (ii)

provides, if the second injury is not scheduled under section 13 of the act, the injured employee shall be paid compensation for the degree of disability that would have resulted from the second injury if the previous disability had not existed. Citing the case of *Wilson Hargett Const. Co.* v. *Holmes,* 235 Ark. 698, 361 S.W.2d 634 (1962) which held that a previous heart attack was not producing any disability at the time of a second attack because the claimant had returned to work with no impairment of earning capacity, the law judge quoted from *McDaniel* v. *Hilyard Drilling Co.,* 233 Ark. 142, 343 S.W.2d 416 (1961) as follows:

> To be apportionable, then, an impairment must have been independently producing some degree of disability before the accident, and must be continuing to operate as a source of disability after the accident.

Finding that the claimant in the instant case returned to gainful employment after the first injury and continued working without difficulty from that time until her second injury almost four years later, it was the law judge's conclusion that the claimant was not disabled, within the meaning of the compensation law, prior to the second injury.

In affirming, the commission stated that any reluctance it had in the matter was brought about as a result of the opinion of the Arkansas Supreme Court in *Chicago Mill and Lumber Co.* v. *Greer,* 270 Ark. 672, 606 S.W.2d 72 (1980), since that case seemed to hold that the first injury need not be job related in order to evoke apportionment and this appeared to be inconsistent with the Court of Appeals' decision in *Marshall* v. *Ouachita Hospital,* 269 Ark. 958, 601 S.W.2d 901 (Ark. App. 1980).

It is true that those cases are inconsistent but the Court of Appeals has clarified its position in the case of *Harrison Furniture* v. *Chrobak,* 2 Ark. App. 364, 620 S.W.2d 955 (1981). We said in *Harrison* that we recognized and agreed with *Greer* and explained that our second decision in the Marshall case, *Ouachita Hospital* v. *Marshall,* 2 Ark. App.

273, 621 S.W.2d 7 (1981), was a result of the application of the law of the case and not that we thought the original *Marshall* opinion was correct.

While we said in *Harrison* that apportionment did not depend upon the preexisting disability being job related, we also said that it is clear that apportionment does not apply unless the prior impairment was independently causing disability prior to the second injury and continued to do so after that injury. This is the law applied by the law judge and affirmed by the commission in the instant case. We agree with that decision as to the law and we believe there is substantial evidence to support its factual determination. Under those circumstances it is our duty to affirm the decision of the commission. *Taylor* v. *Plastics Research & Dev. Corp.*, 245 Ark. 638, 433 S.W.2d 830 (1968); *Fairview Kennels* v. *Bailey,* 271 Ark. 712, 610 S.W.2d 270 (Ark. App. 1981).

Affirmed.