STATE OF ARKANSAS SECOND INJURY FUND
*v.* Harold GIRTMAN

CA 85-106                                            698 S.W.2d 514

Court of Appeals of Arkansas
En Banc
Opinion delivered November 6, 1985

156

*Steve Clark*, Att'y Gen., by: *Rick D. Hogan*, Asst. Att'y Gen., for appellants.

No brief filed for appellee Girtman.

*Robert D. Stroud*, for appellee Banquet Foods Corporation.

DONALD L. CORBIN, Judge. This is an appeal by appellant State of Arkansas, Second Injury Fund, from a Workers' Compensation Commission decision holding that appellee Harold Girtman had a prior wage loss disability as a result of an on-the-job injury sustained in 1979 while employed by appellee Banquet Foods. The Commission affirmed the Administrative Law Judge's award holding appellant liable for wage loss disability, if

any, to be determined at a future date and holding appellee Banquet Foods responsible for the payment of the 40% anatomical rating of disability for the second injury of June 17, 1981. We reverse and remand.

Appellee Girtman did not file a workers' compensation claim with appellee Banquet Foods following his injury of 1979. He remained off work for six months and underwent surgery to his low back area. The Veteran's Administration paid for his medical expenses and he was paid weekly indemnity benefits under his health and accident policy. Appellee was released to return to work without any restrictions or limitations by his surgeon. Appellee resumed his employment with appellee Banquet Foods performing light duty and returned to full duty as a fork lift operator three or four months later. This was the same job he performed with appellee Banquet Foods prior to his injury and he was subsequently paid the same wages. Appellee was not rated with an anatomical impairment rating as a result of his first injury and surgery. He testified that his back was doing "good" prior to his second injury of June 17, 1981. Appellee Girtman also testified that he was able to cut firewood on weekends following his first injury. He stated that he could perform all of his work-related duties as before, except lifting. This statement was qualified by appellee who stated that most of his duties consisted of driving the fork lift and he very seldom had to lift.

Appellee Girtman's second injury occurred on June 17, 1981. There is no dispute by any of the parties as to its compensability. Surgery was subsequently performed on his lower back by Dr. I. Leighton Millard. Appellee returned to work in September 1982. On November 11, 1982, Dr. Millard rated appellee Girtman with a 10% pre-existing anatomical impairment from the 1979 injury and subsequent surgery and a 40% anatomical impairment from the June 17, 1981, injury. Appellee has not worked since July 1983 and stated at the hearing that he continued to have a lot of pain, was stiff, unable to lift objects and took medication for pain.

Appellant contends that the Commission erred in finding appellee Girtman had a prior disability or impairment pursuant to Ark. Stat. Ann. § 81-1313(i) (Supp. 1985). In this regard, appellant argues that there is no evidence to support the Commis-

sion's decision that appellee Girtman was continuing to suffer from permanent disability before and after the second injury. The Commission held that appellee Girtman had suffered a wage loss disability as a result of the first injury. It further found that the 10% medical impairment appellee received after the first back surgery would have made him handicapped if he had attempted to find other employment. Appellant Second Injury Fund notes in its brief that there are very few, if any, Arkansas workers who are completely free of any degree of medical or anatomical impairment to every part of their body. It argues that to adopt appellees' contention and the decision of the Commission would warrant Second Injury Fund exposure in virtually every Workers' Compensation case, bankrupt the Fund, and not serve to encourage the employment of truly handicapped workers.

■■ On appeal, this Court is required to review the evidence in the light most favorable to the Commission's decision and to uphold that decision if it is supported by substantial evidence. Ark. Stat. Ann. § 81-1325 (Supp. 1985). Even when a preponderance of the evidence might indicate a contrary result, we affirm if reasonable minds could reach the Commission's conclusion. Questions of credibility and the weight and sufficiency of the evidence are matters for determination by the Commission. The Commission is better equipped by specialization and experience to analyze and translate evidence into findings than we are. *Bemberg Iron Works* v. *Martin*, 12 Ark. App. 128, 671 S.W.2d 768 (1984).

■ Ark. Stat. Ann. § 81-1313(i)(1) (Supp. 1985), provides in pertinent part as follows:

> The Second Injury Fund established herein is a special fund designed to insure that an employer employing a handicapped worker will not, in the event such worker suffers an injury on the job, be held liable for a greater disability or impairment than actually occurred while the worker was in his employment. The employee is to be fully protected in that the Second Injury Fund pays the worker the difference between the employer's liability and the balance of his disability or impairment which results from all disabilities or impairments combined . . . .

> Commencing January 1, 1981, all cases of permanent

disability or impairment where there has been previous disability or impairment shall be compensated as herein provided . . . .

In its opinion, the Commission correctly relied upon *Craighead Memorial Hospital* v. *Honeycutt*, 5 Ark. App. 90, 633 S.W.2d 53 (1982), for the proposition that while a prior condition need not have been a compensable injury, it must be independently producing some degree of disability before the second injury and continue to operate as a disability after the second injury in order for it to constitute a previous disability or impairment. We hold that while the Commission cited the correct test in determining whether the Second Injury Fund was liable, there is no evidence that appellee Girtman's first back injury was, in itself, independently producing any disability prior to and following his second back injury. Although not controlling, it is clear from the evidence that appellee Girtman was not rated with any disability following his first injury. He had no limitations or restrictions placed upon him. The physician who performed the second operation rated appellee Girtman's anatomical disability at 10% some three years after the first injury. Appellee Girtman was able to return to full duty performing the same work at the same wage after the first injury. Appellee Girtman testified that his back did well after the first injury and that he was still able to cut firewood. The Commission's statement in its opinion that "[T]he 10% medical impairment rating pertaining to the first back injury most likely would have been a handicap if claimant had attempted to obtain another job or if his employer and co-workers had not been sympathetic," is not supported by the evidence. We believe the Commission engaged in speculation here. There is no evidence that appellee Girtman had ever been turned down for similar employment nor any evidence that his earning capacity had been reduced by virtue of the first injury in 1979.

"Disability" is defined at Ark. Stat. Ann. § 81-1302(e) (Repl. 1976), as meaning incapacity because of injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of the injury. "Impairment" means loss of earning capacity due to a non-work related condition. *Osage Oil Co.* v. *Rogers*, 15 Ark. App. 319, 692 S.W.2d 786 (1985). It is clear that appellee Girtman's injury of

1979 was not a disability or impairment and that, therefore, appellant Second Injury Fund has no liability under the law. This cause is remanded to the Commission with directions to enter an order consistent with this opinion.

Reversed and remanded.