SECOND INJURY FUND *v.* Mildred McCARVER, and
MUNRO-CLEAR LAKE FOOTWEAR

CA 85-339 704 S.W.2d 639

Court of Appeals of Arkansas
En Banc
Opinion delivered February 19, 1986

*David L. Pake*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for
appellee.

MELVIN MAYFIELD, Judge. This is an appeal by the Second
Injury Fund from a decision by the Workers' Compensation
Commission.

The claimant was employed by appellee Munro-Clear Lake
Footwear when she sustained a compensable injury to her lower
back in October of 1979. The administrative law judge found she
sustained an anatomical impairment of 5% to the body as a whole
as a result of that injury. On August 4, 1983, the claimant
sustained a compensable injury to her right shoulder, arm, and
hand while working for the same employer. The law judge found
she sustained an anatomical impairment of 5% to the body as a
whole as a result of this second injury. Finding the claimant's
overall disability as a result of both injuries to be 30%, the law
judge held the Fund liable for 20% of that 30% disability. The full
Commission affirmed.

On appeal to this court, the Fund argues that it has no
liability to the claimant because (1) the claimant did not have a

loss-of-earning disability or impairment at the time she sustained her second injury, and (2) both injuries were sustained while in the employment of the same employer.

The law involved in the first point has been resolved in keeping with the Fund's contention in the cases of *Osage Oil Co. v. Rogers*, 15 Ark. App. 319, 692 S.W.2d 786 (1985); *Second Injury Fund v. Girtman*, 16 Ark. App. 155, 698 S.W.2d 514 (1985); and *Second Injury Fund v. Coleman*, 16 Ark. App. 188, 699 S.W.2d 401 (1985). Those cases were decided after the Commission's decision in the present case. The Commission in this case took a different view of the meaning of the statute, Ark. Stat. Ann. § 81-1313(i) (Supp. 1985), and held that Second Injury Fund liability did not require a preexisting loss-of-earning capacity at the time of the second injury. Therefore, the Commission's factual findings in the instant case are not specific enough to be reconciled with the law of the *Rogers, Girtman,* and *Coleman* cases. However, our view on the second point renders the first point moot.

█ We agree with the Fund's second contention as set out above and are today issuing an opinion in another case holding that the Fund is not liable where all of a claimant's disability or impairment results from injuries occurring while in the employment of the same employer. In the other case, *Second Injury Fund v. Riceland Foods, Inc.*, 17 Ark. App. 104, 704 S.W.2d 635 (1986), this point is fully discussed; however, a portion of the oral argument made by the employer's able counsel in this case deserves further comment.

Our holding on this second point results from our interpretation of the language used in Ark. Stat. Ann. § 81-1313(i), *supra.* The first sentence of that section very plainly states that the Second Injury Fund is established to insure that an employer employing a handicapped worker will not be liable for a greater disability or impairment than actually occurred *while the worker was in his employment.* It is argued that the statute not only serves to encourage employers to hire handicapped workers but also to encourage employers to retain or rehire employees who are injured while in their employment. It is said it would frustrate the underlying intent of the statute to create an artificial distinction between retaining an injured worker as compared to hiring a new

one that has been injured or is handicapped. The problem with this argument is that the statute, in our opinion, simply does not apply where both injuries occur while in the employment of the same employer.

 Not only does the language of the statute prevent the interpretation urged by the employer in this case, but there are reasons that negate against stretching the language to make it convey that meaning. As our opinion in *Second Injury Fund* v. *Riceland Foods, Inc., supra*, points out, the Arkansas Supreme Court said in *Arkansas Workmen's Compensation Commission* v. *Sandy*, 217 Ark. 821, 233 S.W.2d 382 (1950), that the solvency of the Second Injury Fund requires that its provisions be strictly complied with. In that regard, the last sentence of Ark. Stat. Ann. § 81-1348(a)(Supp. 1985), provides that if after July 1, 1983, the balance in the Fund becomes insufficient to meet its obligations, payments shall be suspended until the Fund is able to meet those obligations and, in no event, shall there be a reverter of responsibility to the employer or carrier. An article by W. W. Bassett, Jr., in the July 1983 issue of *The Arkansas Lawyer* had this to say about this statutory provision:

> [T]he Legislature has said . . . that in the event of fund insolvency, any payment due a claimant will be "suspended until such time as The Second Injury Fund is capable of meeting its obligations." Let's pray that doesn't happen but I, for one, fear it. It doesn't take much intelligence to comprehend that if the legislature fails to adequately finance The Second Injury Fund, or if through decisions of the administrative process reinforced by the courts, The Second Injury Fund is substantially invaded, that serious problems for injured workers in Arkansas lie ahead.

Bassett, *Second Injury Law, Old and New*, The Arkansas Lawyer, July 1983, at 122, 124.

Nor do we think the statute should be stretched in an attempt to encourage employers to retain employees injured while in their employment. The legislature expressly stated that the purpose of the statute is to insure that an employer employing a handicapped worker will not be required to pay for a greater amount of disability or impairment than that which the worker sustains

while in the employment of that employer. Stretching the statute to require the Second Injury Fund to assume liability for part of the disability or impairment sustained by a handicapped worker while in an employer's employment relieves that employer of part of his statutory liability and grants him a windfall or subsidy. It was not, in our opinion, the legislature's intent to give employers that type of encouragement to hire or retain handicapped or injured workers.

The Commission's finding of liability against the Second Injury Fund is reversed, and this matter is remanded for the Commission to assess the claimant's disability against the employer after giving it credit for any portion of that disability it has already paid.

Reversed and remanded.

GLAZE and CLONINGER, JJ., dissent.