## RICELAND FOODS, INC. and LIBERTY MUTUAL INSURANCE CO. *v.* SECOND INJURY FUND

86-50                                          715 S.W.2d 432

Supreme Court of Arkansas
Opinion delivered July 21, 1986

*Friday, Eldredge & Clark*, by: *Barry E. Coplin*, for appellant.

*Thomas J. O'Hern*, Second Injury Fund, for appellee.

JOHN I. PURTLE, Justice. We granted petitions for review of the decisions of the Court of Appeals in this case and the case of *McCarver v. Second Injury Fund*, 289 Ark. 509, 715 S.W.2d 429 (1986), to consider Workers' Compensation Commission decisions relating to the Second Injury Fund. The cases involve employees who received first and second injuries while employed by the same employer. The first injury in each case resulted in permanent partial disability. The nature, extent and duration of the injuries in the two cases are different; therefore, only the injuries of the employee in this case will be discussed in this

opinion.

The Court of Appeals reversed the Commission's decision that the Second Injury Fund was liable for compensation due an employee in cases where a second injury rendered an employee permanently and totally disabled. The Commission held that the relationship of the first disability or injury and the employment was not an element to be considered. The Court of Appeals reversed and held that if the first injury arose out of and in the course of the same employment, then the Second Injury Fund was not responsible for payment of benefits above and beyond those mandated by the second injury alone. We affirm the decision of the Court of Appeals.

The employee, Harry Brown, was able-bodied when he commenced work for the petitioner-employer in 1946. Sometime in 1955, he was exposed to noxious gases which exposure, among other things, resulted in toxic hepatitis. The inhalation of the noxious gases gave rise to a compensable injury. The employee was last paid disability compensation in 1958; however, the employer's insurance carrier, Liberty Mutual, continued to pay medical benefits for several years. Twenty-five years after inhaling the toxic gas, the employee received a second injury while still in the employ of Riceland Foods. His second compensable injury was an injury to his left ankle which resulted in a 15% permanent partial disability to the left leg. This injury when combined with the first injury rendered the employee totally and permanently disabled.

Before the second injury occurred the petitioner-carrier had destroyed the file relating to the first injury. The "A-11 Form" (the final report filed with the Workers' Compensation Commission) for the first injury reveals that the employee was paid 15 weeks temporary total disability. Throughout the record it is evident that the employee never really recovered from the toxic gas exposure although he continued his employment with the same employer for more than 25 years. At the time of the second injury in 1981 the employee had to use a cane in order to walk. He also had developed congestive heart failure.

Brown and his wife both testified that he never fully recovered from the toxic gas injuries. He stated that after his first injury his doctors had not wanted him to return to work.

Eventually he obtained permission to return to work, performing only limited duties. Doctor John Wilson treated the employee for his second injury. In obtaining the patient's health history, the doctor was told that the employee had heart, liver and lung disease as a result of the poisoning. The doctor's report in part stated: "However, due to his general physical condition, from what I'm told, he is unable to return to gainful employment because of the poisoning that occurred in the past." There is no dispute over the fact that the employee was considerably disabled prior to his second injury. The factual dispute arises over the employer-carrier contention that the disability existing prior to the second injury was a result of heart disease and other ailments not connected to the first injury.

In an opinion filed on August 3, 1984, the Administrative Law Judge made findings of fact and conclusions of law which were later adopted by the full Commission. The findings of fact included the following statement:

> [I]t is apparent from both the lay testimony and the medical evidence that claimant was substantially disabled or impaired as a result of a previous injury, as well as the deterioration of his general physical condition.

The law pertaining to second or successive injuries is codified as Ark. Stat. Ann. § 81-1313(f)(1) (Repl. 1976) and reads as follows:

> If an employee receives a permanent injury after having previously sustained another permanent injury in the employ of the same employer, for which he is receiving compensation, compensation for the subsequent injury shall be paid for the healing period and permanent disability by extending the period and not by increasing the weekly amount. When the previous and subsequent injuries received result in permanent total disability, compensation shall be payable for permanent total disability as provided in Section 10(a) [§ 81-1310] of this Act.

Section 4 of Act 290 of 1981 dealt with the Second Injury Fund and has been compiled as Ark. Stat. Ann. § 81-1313(i) (Supp. 1985) which in part states:

> The Second Injury Fund established herein is a special

fund designed to insure that an employer *employing a handicapped worker* will not, in the event such worker suffers an injury on the job, be held liable for a greater disability or impairment than actually occurred *while the worker was in his employment.* The employee is to be fully protected in that the Second Injury Fund pays the worker the difference between the employer's liability and the balance of his disability or impairment which results from all disabilities or impairments combined. . . .

If the previous disability or impairment or disabilities or impairments whether from compensable injury or otherwise, and the last injury together result in permanent total disability, the employer at the time of the last injury shall be liable only for the actual anatomical impairment resulting from the last injury considered alone and of itself. . . . [Emphasis added.]

■ The Second Injury Fund (respondent) argues that Ark. Stat. Ann. § 81-1313(f) (1) still controls even though Act 290 of 1981 when read alone might support the opposite view. The petitioners, on the other hand, argue that Act 290 clearly requires the Second Injury Fund to pay for benefits beyond those which are solely attributable to the second injury. Given the state of the law in its present form it is understandable that reasonable minds might reach different conclusions. Either statute standing alone would not be difficult to understand; however, we must examine them together and give meaning to both if possible. *Estate of Epperson*, 284 Ark. 35, 679 S.W.2d 792 (1984). When construing a statute we must compare it with other statutes on the same general subject matter and if possible reconcile them. *Sargent* v. *Cole*, 269 Ark. 121, 598 S.W.2d 749 (1980). All acts passed upon the same subject matter should be construed together and made to stand if capable of being reconciled. *Vandiver* v. *Washington County*, 274 Ark. 561, 628 S.W.2d 1 (1982).

The first sentence of Ark. Stat. Ann. § 81-1313(i) states that an employer shall not "be held liable for a greater disability or impairment than actually occurred while the worker was in his employment." There is no dispute over the fact that the employee was employed by petitioner at the time of both the first and second injuries. The first injury was obviously a serious one and left the

employee with an undetermined anatomical impairment and loss of earning capacity. We agree with the decision of the Court of Appeals that the employee is permanently and totally disabled and that both injuries actually *occurred while the worker was in petitioner's employment.* Therefore the petitioners are responsible for all the compensation and benefits due the claimant.

When read together these two statutes can be reconciled. Act 290 did not specifically repeal Ark. Stat. Ann. § 81-1313(f)(1). Repeals by implication are not favored in the law, and such repeals will not be allowed unless the implication is clear and irresistible. *Davis* v. *Cox*, 268 Ark. 78, 593 S.W.2d 180 (1980); *Rightsell* v. *Carpenter*, 188 Ark. 21, 64 S.W.2d 101 (1933). Prior to 1979 employers were obligated to pay benefits for prior existing disabilities if an injury covered by the Workers' Compensation Act together with the prior disability resulted in permanent total disability. The opinion and dissent in the Court of Appeals very adequately point out the advantages and disadvantages of different interpretations of the present state of the law. See *Second Injury Fund* v. *McCarver*, 17 Ark. App. 101, 704 S.W.2d 639 (1986); and *Second Injury Fund* v. *Riceland Foods*, 17 Ark. App. 104, 704 S.W.2d 635 (1986).

If successive injuries in the same employment cause total and permanent disability the employer or his insurance carrier is responsible to the employee for all benefits. If the previous disability or impairment did not arise out of the employment by the same employer, the Second Injury Fund must pay the benefits. We agree with the result reached by the Court of Appeals.

Affirmed.

HICKMAN and NEWBERN, JJ., dissent.