Mr. Bobby Norman, Director Commission on Law Enforcement Training and Standards P.O. Box 3106 East Camden, Arkansas 71701
Dear Mr. Norman:
This is in response to your request for an opinion on the effect of Act 549 of 1993 on A.C.A. § 16-93-103 (1987). Specifically, you note that parole officers employed by the State Department of Correction and probation officers employed by a court, whether circuit or municipal, originally attained law enforcement authority and became eligible for law enforcement certification under Act 617 of 1983 (A.C.A. § 16-93-103). That statute provides as follows:
 (a) All probation officers appointed by a court,
whether circuit or municipal, and all parole officers employed by the Arkansas Department of Correction may execute, serve, and return all lawful warrants of arrest issued by the State of Arkansas or any political subdivision thereof and are otherwise authorized to make lawful arrests as any law enforcement officer of the State of Arkansas.
 (b) All such parole and probation officers are further authorized to carry firearms during all hours in which they are actively pursuing the obligation and duties of the office to which they are appointed or employed, but only if the officers have been duly certified under §§ 12-9-201, 12-9-202, 12-9-205, and 12-9-206. [Emphasis added.]
You also note, however, that when Act 549 of 1993 became law, parole officers became employees of the Department of Community Punishment, and certain adult probation officers who were originally appointed by circuit court judges "are now employees of the Department of Community Punishment." You pose three questions in light of these facts as follows:
 1. Since Act 549 of 1993 contains a clause that repeals all laws and parts of laws in conflict with this law, has Arkansas State Statute 16-93-103 been repealed either totally or in-part?
 2. If 16-93-103 has not been repealed, is it applicable to Parole Officers employed by the Department of Community Punishment?
 3. If 16-93-103 has not been repealed, is it applicable to Adult Probation Officers employed by the Department of Community Punishment?
It is my opinion that the answer to your first question is "no."
In Arkansas, repeals by implication are not favored. City ofFort Smith v. Driggers, 294 Ark. 311, 742 S.W.2d 921 (1988). Such repeals will not be allowed unless the implication is clear and irresistible. Riceland Foods, Inc., v. Second Injury Fund,289 Ark. 528, 715 S.W.2d 432 (1986). In addition, a statute is not repealed by implication where there exists a harmonious construction of both statutes. Waire v. Joseph, 308 Ark. 528,825 S.W.2d 594 (1992). Finally, where a statue expressly repeals specific acts, a presumption exists that it was not intended to repeal others not specified. Pace v. State, 189 Ark. 1104,76 S.W.2d 294 (1935).
In my opinion, there is no clear and irresistible implication that Act 549 of 1993 repealed A.C.A. § 16-93-103. The salient portions of the two enactments are not inconsistent. The basic purpose of A.C.A. § 16-93-103 is to grant certain powers to probation and parole officers, and the basic purpose of Act 549 of 1993 is to alter the administrative structure of the state's penal system. These two purposes are not inconsistent or conflicting. The latter does refer to probation officers being appointed by courts, and parole officers employed by the Department of Corrections; situations affected by the provisions of Act 549 of 1993, as discussed below, but this does not make the relevant portions of the two acts so inconsistent as to work an implied repeal. In addition, Act 549 of 1993, in Section 9 thereof, expressly repealed several statutes, two in the same chapter of the Code as § 16-93-103, and did not expressly repeal § 16-93-103. There is thus a presumption that the legislature's intent was not to repeal this statute. Additionally, it does not appear from any of the 1993 acts adopted to implement the restructuring of penal administration in Arkansas that the legislative intent was to take away any existing powers of probation or parole officers, or to prohibit their certification. The primary rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intention of the legislature. Graham v. Forrest City HousingAuthority, 304 Ark. 632, 803 S.W.2d 923 (1991).
It is my opinion that the answer to your second question is "yes." Although, as stated above, in my opinion Act 549 did not impliedly repeal § 16-93-103, it did, in my opinion, impliedly amend that portion of the statute which refers to "parole officers employed by the Arkansas Department of Correction." Under Act 549 of 1993, the administrative structure of the Arkansas penal system was revised. The act was entitled "AN ACT TO AMEND THE POWERS OF THE DEPARTMENT OF CORRECTION; TO CREATE THE DEPARTMENT OF COMMUNITY PUNISHMENT; TO MERGE THE BOARD OF CORRECTION AND THE ADULT PROBATION COMMISSION TO CREATE THE BOARD OF CORRECTION AND COMMUNITY PUNISHMENT; AND FOR OTHER PURPOSES." The 1993 legislation gave the newly created "Department of Community Punishment" authority over the provision of parole services, rather than the Department of Correction, as under prior law. See A.C.A. §§ 12-27-124(a)(3) (Supp. 1993);12-27-125(b)(7) (Supp. 1993); and 16-93-1202(d) (Supp. 1193). The "Department of Correction" no longer employs parole officers. They are now apparently employed by the Department of Community Punishment. Implied amendments, like implied repeals, are not favored. Fireman's Fund Ins. Co., v. Polk County, 260 Ark. 799,543 S.W.2d 947 (1976). The legislature will not be held to have changed a law it did not have under consideration while enacting a later law, unless the terms of the subsequent act are so inconsistent with the prior law that they cannot stand together.Arnold v. City of Jonesboro, 227 Ark. 832, 302 S.W.2d 91
(1957). In my opinion Act 549, which gave the Department of Community Punishment, rather than the Department of Correction, supervision over parole officers, is inconsistent with A.C.A.16-93-103's reference to parole officers being employed by the Department of Correction. The 1993 act substituted the Department of Community Punishment for the Department of Correction as the parole officer's supervising body, and in my opinion the reference in A.C.A. § 16-93-103 to the Department of Correction is similarly substituted by implied amendment to reflect that these officers are now under the supervision of the Department of Community Punishment. Although implied amendments are not favored, the conclusion above is in keeping with the legislative intent. As stated above, there is no evidence of legislative intent to divest these parole officers of the powers set out in A.C.A. § 16-93-103, or to prohibit their certification because their employer has been substituted.
It is my opinion that the answer to your third question is also "yes." You state in your request that certain adult probation officers originally appointed by circuit judges are now employees of the Department Community Punishment. I have found no provision of the 1993 enactments which decrees this result. Section12-27-134 (Supp. 1993) of the Arkansas Code provides that:
 (a) The Department of Community Punishment shall administer, in cooperation with the circuit courts, the provision of probation services as prescribed by the circuit courts.
 (b) The department shall establish an acceptable procedure that ensures the selection of qualified applicants to meet the needs of the circuit courts and includes subject matter experts from the Arkansas circuit courts.
This language is a part of Act 953 of 1993. Another provision of this act is codified in the Publisher's Notes to 12-27-134 and it provides that "[a]ny existing employee of an Arkansas circuit court adult probation department whose salary is paid in whole or part with State aid (probation supervision fees and/or financial aid regulated or funded by the Arkansas Adult Probation Commission) who is employed with an Arkansas circuit court adult probation department on June 30, 1993, shall be deemed a State employee for all purposes, and therefore shall enjoy the same benefits as regular State employees." Neither of these provisions, however, state that the probation officers are employees of the Department of Community Punishment. They state merely that the Department shall "administer" the services in cooperation with circuit courts, and that the employees shall be "deemed" state employees. The Department of Community Punishment is a state body, but then so are circuit courts. The latter provision was obviously enacted merely to remedy the confusion which existed concerning the employment status of adult probation officers (i.e., whether they were state or county employees) with regard to insurance, retirement, and leave benefits. See,e.g., Ops. Att'y Gen. 88-135; 88-263; and 90-062.
Simply put, the statutes above do not expressly designate the employer of the probation officers, other than as the "state." More importantly for our purposes, they do not designate who appoints these probation officers.[1] But cf. Act 549 of 1993, Section 9 repealing sections (c) and (d) of A.C.A. §16-93-402, and Acts 533 and 553 of 1993, amending A.C.A. §5-4-101. The 1983 statute you have cited, A.C.A. § 16-93-103, grants certain powers to probation officers "appointed by a court." It appears clear that officers previously appointed by a court under prior law would fall within the statute, and thus retain the powers granted thereunder. They were "appointed by a court" for purposes of § 16-93-103. It is unclear under current law, however, exactly how new probation officers are appointed. The law envisions "cooperation" between the Department and the circuit courts. It is my understanding that in many instances the circuit judges recommend, interview, and select probation officers under this law with the concurrence and approval of the Department. It is reasonable to conclude in such a case that the officer has been "appointed by a court" for purposes of A.C.A. § 16-9-3-103. In many instances, therefore, probation officers may still be appointed by a court for purposes of § 16-93-103, and as such that statute is still applicable to these officers.
In any event, it is my opinion, again, that the legislature did not intend to change, by virtue of the 1993 legislation, the powers of probation officers set out at A.C.A. § 16-93-103, or their opportunity to be certified. To the extent that the new legislation does not provide for the appointment of probation officers by courts, it is my opinion that § 16-93-103 has been impliedly amended by the 1993 legislation to reflect the change in the procedure for their appointment.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted, however, that specific statutes govern the appointment of probation officers in the First, Fourth, and Fifth divisions of the Sixth Judicial District. See A.C.A. §16-13-1412 (Cum. Supp. 1993).