Mr. J. D. Gingerich, Director Administrative Office of the Courts Justice Building 625 Marshall Street, Suite 1100 Little Rock, AR 72201-1020
Dear Mr. Gingerich:
I am writing in response to your request for an opinion on the following:
In Op. Att'y Gen. 2000-234, a city was advised that it could add to a fine and pass on a "service fee" to a municipal court defendant using a credit card to pay his fine and costs without violating any law applicable to court costs. This opinion held that Ark. Code Ann. §16-17-128 (Repl. 1999) was not in conflict with the laws applicable to court costs. Subsequently, the General Assembly passed Act 1765 of 2003, in which section 11 amended Ark. Code Ann. § 16-13-706(b)(2) to provide that "where the offender pays fines by credit card, the total fine owed shall be reduced by the service fee charged to the court by the credit card company."
It has come to our attention that these two statutory provisions and the previous opinion issued by your office are being interpreted in different ways by local district courts. Because these courts have no inherent authority to assess fees and are dependent on clear statutory authority to do so, your clarification of the current state of the law would be most helpful. To that end, the following question is posed:
May a court or the agency designated by law to collect court-imposed fines charge a "service fee" to a defendant who uses a credit card to pay his or her fine and costs?
RESPONSE
In my opinion, while a court or properly designated agency, may charge a "service fee" for the payment of court fines and costs by credit card, the total amount of the fines and costs before imposition of the fee must be reduced by the amount of the fee resulting in no net increase in the assessed fines and costs.
As you note in your request, one of my predecessor's opined that A.C.A. § 16-17-128 (Repl. 1999) allowed a district court, or properly authorized agency, to charge an additional service fee to a defendant who paid for his or her court costs and fees by credit card. Op. Att'y Gen. 2000-234. The General Assembly has not amended A.C.A. § 16-17-128
since issuance of that opinion. You also correctly note that the General Assembly has, however, amended a separate statute that addresses the same issue — A.C.A. § 16-13-706 (Repl. 2005).[1]
It will be helpful to set out verbatim the statutory provisions involved. Arkansas Code Annotated § 16-17-128 states:
(a) All municipal courts may accept payment of fines and associated costs by an approved credit card.
(b)(1) All municipal courts are authorized to enter into contracts with credit card companies and to pay those companies fees normally charged by those companies for allowing the court to accept their credit cards in payment as authorized by subsection (a) of this section.
(2)(A) Where the offender pays fines by an approved credit card, the court shall assess a service fee equal to the amount charged to the court by the credit card issuer.
(B) This charge may be added to, and become a part of, any underlying obligation.
Id. This statute was enacted by Act 864 of 1997. Arkansas Code Annotated § 16-13-706 states:
(a) The court or the agency designated pursuant to § 16-13-709 may accept payment of fines and associated costs by an approved credit card.
(b)(1) The court or designated agency is authorized to enter into contracts with credit card companies and to pay those companies fees normally charged by those companies for allowing the court to accept their credit cards in payment as authorized by subsection (a) of this section.
(2) Where the offender pays fines by credit card, the total fine owed shall be reduced by the service fee charged to the court by the credit card company.
Id. This statute was enacted by Act 1262 of 1995. It was amended byAct 1765 of 2003 to rewrite subsection (b)(2).[2]
When interpreting statutes, a court will not construe any word to be superfluous and give each word its plain and ordinary meaning. Macsteel, Parnell Consultants v. Ark. Ok. Gas Corp., 363 Ark. 22. 210 S.W.3d 878
(2005). In construing any statute, a court will place it beside other statutes relevant to the subject matter in question and "ascribe meaning and effect derived from the whole." Lawhon Farm Servs. v. Brown,352 Ark. 272, 278, 984 S.W.2d 1 (1998). The legislature is presumed to have acted with knowledge of the laws in effect at the time of enactment. See Town of Benton v. Willis, 76 Ark. 443, 88 S.W. 1000 (1905). Courts are further required to reconcile and uphold, if possible, two statutes addressing the same subject. See, e.g., Ark. Soil, Water Conserv. v. City of Bentonville, 351 Ark. 289, 300, 92 S.W.3d 47 (2002). When two statutes address the same subject in different ways, a court will interpret the statutes based on the disfavor of repeal by implication in Arkansas law. Repeal by implication will only be upheld in two circumstances. First, if the legislative intent to repeal appears clearly and plainly the repeal by implication will stand. See Riceland Food v. Second Injury Fund, 289 Ark. 528, 715 S.W.2d 432 (1986); Davis v. Cox, 268 Ark. 78, 593 S.W.2d 180 (1980). Second, if the old and new laws are so repugnant to one another that both cannot stand, repeal by implication must be upheld. See Donoho v. Donoho, 318 Ark. 637,887 S.W.2d 290 (1994).
In my opinion, the two statutes quoted above cannot be reconciled. One quite plainly allows a service fee to be added to the total court costs and fees assessed. The other plainly requires the total court costs and fees assessed to be reduced by the amount of the service charge if such a charge is levied. In the language of the court, these statutes are "so repugnant to one another that both cannot stand." Donoho, supra at 639. With regard to implied amendments or repeals, a latter statute will be held to impliedly repeal or amend a prior statute so far as it relates to conflicting provisions and to that extent only. State ex rel. Purcell v. Jones, 242 Ark. 168, 412 S.W.2d 284 (1967). See also State v. White,170 Ark. 880, 281 S.W. 678 (1926) (repeal implied on basis of conflicting provisions of statutes operates only to the extent of the conflict).
In my opinion, a court would conclude that the later amended statute, A.C.A. § 16-13-706, impliedly repealed the contrary provisions of A.C.A. § 16-17-128. A court, or other authorized agency, may therefore charge a service fee when a defendant chooses to pay court costs and fees with a credit card, but the amount of the service fee must be deducted from the total of the costs and fees assessed pursuant to A.C.A. § 16-13-706.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL Attorney General
[1] I will note in passing that A.C.A. § 16-13-701 states that the provisions of the subchapter apply to "circuit courts, district courts, or city courts." Chapter 17 of Title 16 addresses district courts. Therefore, the provisions of both code sections cited are potentially applicable as your request specifies district court procedure.
[2] Prior to Act 1765 of 2003, A.C.A. § 16-13-706(b)(2) stated, "This charge may be added to, and become part of, any underlying obligation."