AMERICAN CASUALTY COMPANY OF READING, PA. and Ruben GOSS, Individually and in his official capacity as Faulkner County Clerk v. QUITMAN SCHOOL DISTRICT, Wetzel STARK, et al.

87-158                                    739 S.W.2d 144

Supreme Court of Arkansas
Opinion delivered November 9, 1987
[Rehearing denied December 14, 1987.]

*Wright, Lindsey & Jennings*, for appellants.

*Wilson, Engstrom, Corum & Dudley*, by: *Stephen Engstrom*, for appellees.

*Anderson & Kilpatrick*, by: *Joseph E. Kilpatrick, Jr.*, for appellee Lawyers Surety Company.

ROBERT H. DUDLEY, Justice. The appellee, Quitman School District, filed suit against the appellants, Ruben Goss, the County Clerk of Faulkner County, and the American Casualty Company, the surety company. Also named as defendants were the Clerk of Cleburne County and his surety. The basis of the complaint against appellant Goss was that he failed to properly extend taxes and, as a result, the school district lost tax revenues. The jury returned a verdict finding appellant Goss had negligently failed to extend the taxes and that he was 90% responsible for damages of $24,104.62. In addition, the jury found the superintendent of schools was 10% responsible for the damages. The trial court entered an amended judgment against appellants for 90% of the damages. We affirm.

The Quitman School District lies primarily in Cleburne County, where it is domiciled, but the district also overlaps into parts of Faulkner and Van Buren Counties. Real estate taxes produced from lands within the district constitute part of the funds to maintain and operate the district. Those real estate taxes are extended on the tax books by the county clerk in each county.

Although, the real estate in the different counties within the

district had not been equally appraised, the taxing scheme equalizes the taxes. In 1984, the Cleburne County real property had been reappraised and, in the Quitman School District, carried a rollback school rate of 14.4 mills. Faulkner County land, in this school district, which had not been reappraised, carried a rate of 57 mills. That year the voters elected to increase the school millage to 19 mills in Cleburne County and 75 mills in Faulkner County. The Cleburne County Court canvassed the returns and entered the result of record.

Ark. Stat. Ann. § 80-318 (Repl. 1980) requires county clerks in the domicile county, Cleburne County, to file election results with county clerks in the outlying counties where school districts overlap. The Cleburne County Clerk testified that he mailed the results to the Faulkner County Clerk, the appellant. The Faulkner County Clerk testified that he never received the results, and naturally they were never filed in Faulkner County. However, Ark. Stat. Ann. § 84-802 (Repl. 1980) requires a county clerk to "determine the sums to be levied upon each tract or lot of real property in his county. . .," There was substantial evidence to show that in an effort to determine the proper millage to be assessed for the 1984 tax to be collected in 1985, appellant Goss sent a questionnaire to the superintendent of the school district requesting the appropriate millage rate. The superintendent, Wallace Sneed, answered that the rate for 1984 was "19 mills reappraised." Appellant Goss testified that the term "reappraised" meant nothing to him, that he had never seen a questionnaire answered in that way, and that he just assumed there was no change in the millage. Therefore, he extended the taxes at the rate of 57 mills, when the proper rate would have been 75 mills. This mistake resulted in a net loss of tax revenue to the school district of $24,104.62.

The appellants first argue that the trial court committed error in failing to grant a directed verdict in their favor as there was no substantial evidence from which the jury could reasonably find for the school district. The argument is without merit. Ark. Stat. Ann. § 84-802 (Repl. 1980) requires a county clerk to "determine the sums to be levied upon each tract or lot of real property in his county. . . ." In his testimony, appellant Goss admitted that he decided to extend only 57 mills because he did not understand what the school superintendent meant by "19

mills reappraised," and he chose to assume there had been no change. He admitted that the "19 mills reappraised" meant "nothing to me." The fact that he simply assumed that there had been no change from the year before, even when faced with an answer to his questionnaire which baffled him, would constitute negligence. Appellant does not argue that the school superintendent was not the proper authority to determine the sums to be levied, and we do not address that issue. In addition, the parties all contend that the county clerk levies the taxes, and we do not reach the ramifications of that possible issue.

■ Appellants next argue that a directed verdict should have been granted because the Cleburne County Clerk alone was absolutely liable since he failed to file a copy of the election results in Faulkner County in violation of Ark. Stat. Ann. § 80-318 (Repl. 1980). They argue: "If the outlying-county clerk is not informed of the increase and levies the tax at the unincreased rate, the resulting loss should, as a matter of law, be attributed to the home-county clerk." The argument is without merit. Violation of the statute would not establish absolute liability, it would only be evidence of negligence which the jury could accept or reject as it saw fit. *Berkeley Pump Co.* v. *Reed-Joseph Land Co.*, 279 Ark. 384, 653 S.W.2d 128 (1983); AMI 601.

During the trial, an article about the case appeared in the local newspaper. The appellants contend that, because of the article, the trial court erred in refusing to grant their motion for a mistrial.

Individual voir dire revealed that only one juror saw the article, and he did not read all of it. He was unafffected by what he read. He stated that he did not learn anything from the article that he had not learned earlier from voir dire of the panel. He said that nothing he read would affect his impartiality.

■ The mere reading of a newspaper account of an occurrence will not disqualify a juror for cause. *Davis* v. *State*, 251 Ark. 771, 475 S.W.2d 155 (1972). The trial judge had considerable discretion in determining whether to order a mistrial because of the article. *Back* v. *Duncan*, 246 Ark. 494, 438 S.W.2d 690 (1969). He did not abuse his discretion in denying the motion for a mistrial under these circumstances.

Last, appellants argue that the trial court erred in denying their motion for a mistrial because of jury confusion which was evidenced by an inconsistent answer to an interrogatory. We need not dwell on this point because when the parties' attorneys and the trial judge realized there was an inconsistency in two of the answers, the trial judge, at appellants' request, questioned the jury foreman about the inconsistent answers. The foreman explained what the jurors intended. The trial judge then reduced the damages assessed against appellants by 10%, in line with the jury's intended apportionment of fault. The trial court did not abuse his considerable discretion in denying the motion for mistrial under these circumstances.

Affirmed.

PURTLE, J., not participating.