The Honorable Jim Stallcup Prosecuting Attorney Third Judicial Circuit 225 W. Elm Walnut Ridge, Arkansas 72467
Dear Mr. Stallcup:
This is in response to Deputy Prosecuting Attorney Stewart Lambert's request for an opinion on an erroneous assessment of taxes for the City of Hardy in Sharp County, Arkansas.
From the documents enclosed, our understanding of the facts is as follows:
 The county clerk of Sharp County wrote a letter to the mayor of Hardy requesting the millage rate of the city so that the clerk could include it in the November 1990 levy of taxes. The county clerk wanted to know if the levy had changed or remained the same. The levy had actually remained the same, at a rolled back rate of 1.9 mills general and 1.9 mills for a special fire department levy, (which will be more fully discussed later). The mayor did not report the rolled back rate, however, but merely reported the same rate that had always been reported, 5 mills general, and 5 mills for the special fire levy. The county clerk took this information and included the City of Hardy's millage rate as 5 mills general and 5 mills special, as though this was the rolled-back rate. This resulted in greatly increased tax revenues for the City of Hardy, and these monies are being distributed to the city monthly.
The first question posed by the request is what can be done to remedy this erroneous assessment and collection of taxes. This is a question which may necessitate resort to the judicial process. This office has repeatedly opined that once the county quorum court meets at its annual November meeting to levy the county, municipal, and school district taxes, it may not thereafter meet again at another date to change the levy, as a meeting on any other date is void and of no effect. See Opinion Nos. 88-373, 88-317, 88-365, 86-625, and 85-5. We are thus aware of no action the county itself may take to remedy the situation. It may be in the best interests of all involved, however, for the city or county, or both, to resolve the matter with the aid of a court as soon as possible.
The desirability of pursuing this option is evidenced by the case of American Casualty Co. v. Quitman School District,293 Ark. 457, 739 S.W.2d 144 (1987). This case presents the opposite fact situation from that of your request. In Quitman, the Quitman superintendent of schools reported the millage rate for the school district, in response to a questionnaire from the county clerk, as "19 mills reappraised." The county clerk stated in testimony later that the term "reappraised" meant nothing to him, and he just assumed that the tax levy had not changed from the levy of the previous year, which was 57 mills un-reappraised. The tax levy had in fact increased from 57 mills to 75 mills, and the county clerks levy was too small. The school district sued the county clerk and the surety company to recover the lost amount of tax revenues. The school district won. The jury found that the county clerk had negligently extended the taxes, and that he was 90% responsible for the lost tax revenues and the superintendent of schools was 10% responsible. The Supreme Court affirmed, pointing to the county clerk's assumption that there had been no change in the levy, even though he admitted that the superintendent's answer to the questionnaire baffled him.
While we certainly do not intend to suggest that any negligence occurred in the facts which comprise your request, (in fact we find these two cases to be dissimilar in many respects), it is my opinion, similarly, that the resolution of this problem will require judicial involvement.
The second question presented involves the five mill "special levy" for the Hardy fire department. The documents attached to your request show that Hardy City Ordinance No. 1967-5, passed in 1967, levied a tax of five mills for the purpose of buying a new fire truck, and providing revenue for paying the expenses of the fire department. The ordinance stated that the tax was to be collected on a voluntary basis, and that it was to be submitted to the electors at a special election. The documents evidence a proclamation for a special election, but it is also stated that the county clerk's office has no record of a special election. The question presented is whether the tax is indeed a voluntary tax and if so, whether it has been assessed properly.
The resolution of this question will depend upon the determination of certain factual issues which this office is not empowered to undertake. Relevant factors will include whether a special election was actually held, and if so, the text of the ballot title will be of importance. We cannot determine this issue without making extensive factual inquiries and determinations, an undertaking which this office is neither equipped nor empowered to initiate. Again, resort to the judicial process is likely the only avenue which will give a definitive result.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb