The Honorable John Allen, Director Assessment Coordination Department 1614 West Third Little Rock, Arkansas 72201-1815
Dear Mr. Allen:
This official Attorney General opinion is rendered in response to a question you have raised concerning the county clerk's responsibility to include an omitted levy on the tax books.
More specifically, you have presented the following question:
 Can the county official who is preparing the tax books include in the tax books an omitted levy that was not included in the quorum court's levy ordinance?
It is my opinion that the county clerk or other county official who is preparing the tax books can (and indeed, must) include an omitted levy on the books.
You indicate that your question arises out of a situation in which a city council passed a tax levy ordinance which was received by the quorum court prior to its November meeting (as required by A.C.A. § 14-14-904), at which time the quorum court adopted a tax levy ordinance, but failed to include the city's tax levy.
The quorum court's failure in this instance does not, in my opinion, affect the duty of the county clerk to include the city's levy in the tax books. I draw this conclusion on the basis of both case law and statutory language.
In American Casualty Co. v. Quitman School Dist., 293 Ark. 457,739 S.W.2d 144 (1987), the Arkansas Supreme Court affirmed a jury verdict against a county clerk for negligently failing to determine the appropriate rate at which to extend certain taxes on the books. That case involved a situation in which part of the Quitman School District, which was domiciled in Cleburne County, extended into Faulkner County and Van Buren County. The county clerk of Cleburne County was required by statute (A.S.A. 80-318 [A.C.A. § 6-14-115]) to certify to the county clerks of the outlying counties the rate at which school district property was to be taxed pursuant to millage elections. Although the clerk of Cleburne County testified that he mailed the information to the outlying clerks pursuant to the statute, the clerk of Faulkner County testified that he did not receive this information from the clerk of Cleburne County, and that it therefore was not filed. Although the Faulkner County clerk attempted to obtain information concerning the appropriate rate from school officials, he did not understand the response, and extended taxes on the books at the previous rate, rather than at the increased rate that had been authorized by the millage election. This mistake resulted in the school district's loss of thousands of dollars in tax revenues. The school district sued the county clerk, and the jury found him to be negligent because he failed to determine the proper tax rate. The clerk was held liable for damages.
The Quitman School District decision indicates that the ultimate duty with regard to what is reflected in the tax books lies with the county clerk, without regard to erroneous or incomplete information that has been provided to him or her. The clerk's duty requires that the clerk not rely in blind faith upon the information provided, but rather that the clerk go beyond that information to find out the correct information to be included in the tax books. I find it notable that the Quitman court rejected the argument that a failure by the clerk of Cleburne County to comply with his statutory duty to certify millage election results to the clerk of Faulkner County should remove liability from the Faulkner County clerk. Indeed, the court affirmed the jury's finding that the Faulkner County clerk should bear 90% of the liability. It is also notable that the remaining 10% of the liability was borne by the Quitman school official who had provided information to the clerk. This apportionment did not even include the Cleburne County clerk who had the statutory responsibility for certifying filing the election results with the Faulkner County clerk.
On the basis of the Quitman School District decision, I conclude that the county clerk is not required to, and indeed should not, rely entirely upon the quorum court's levy ordinance as a source of information to be included in the tax books.
In addition, A.C.A. § 26-28-103 sets forth the clerk's duty with regard to the extension of taxes. It requires the clerk to determine the proper amounts "immeditately" upon receiving the tax information from the State Auditor and other taxing authorities. It does not condition the clerk's duty upon a levy having been enacted by the quorum court.[1]
Indeed, the fact that various statutes allow other entities besides the quorum court to certify tax information to the county clerk further bolsters my conclusion that the county clerk need not rely exclusively upon the quorum court's levy as the sole source of information to be included in the tax books. Both A.C.A. § 26-28-304 and A.C.A. § 26-28-103
make reference to the county clerk receiving information from "the Auditor of State and from such other officers and authorities, including special improvement districts, as shall be legally empowered to determine the rates or amounts of taxes to be levied for the various purposes authorized by law." Similarly, A.C.A. § 6-14-115, which was at issue in the Quitman School District case, requires the county clerk of a school district's domicile to certify tax information to the county clerks of other counties in which the school district lies.
A reading of the law under which the county clerk is required to ignore the information certified by these various authorities simply because the quorum court failed to include it in the levy ordinance would render these provisions meaningless. The Arkansas courts have held that statutes should not be interpreted in such a way as to require an assumption that the legislature enacted a useless or meaningless act. See, e.g., Deathand Permanent Total Disability Trust Fund v. Whirlpool Corp.,39 Ark. App. 62, 837 S.W.2d 293 (1992). Such an interpretation would also give the quorum court the power to override the will of the electorate with regard to a tax matter. This the quorum court cannot do.
In Layne v. Strode, 229 Ark. 513, 317 S.W.2d 6 (1958), the court stated:
 The powers of the quorum court are limited. It does not have the power to change millages voted by city councils (Ark. Constitution Art. 12, Secs. 3 4 and Ark. Stats. 19-4501) and school districts (Amendment 40 Ark. Constitution), but its duty is simply to levy without change such millages as voted. This duty is purely clerical and the county clerk is required to extend taxes on the basis of the millages voted by city councils and school districts without reference to levies made by the quorum court on city and school district millages.
Layne v. Strode, 229 Ark. at 518 (emphasis added).
Also compelling and pertinent to the situation about which you have inquired is A.C.A. § 26-73-202, cited above, which states:
26-73-202. Certification of tax rate to county clerk.
 The council of any municipal corporation may, on or before the time fixed by law for levying county taxes, make out and certify to the county clerk the rate of taxation levied by the municipal corporation on the real and personal property within the city or town. The amount so certified shall be placed upon the tax book by the county clerk of the county and collected in the same manner that state and county taxes are collected.
A.C.A. § 26-73-202 (emphasis added).
The above-quoted statute indicates that if a city council does certify tax information to the county clerk, the county clerk must include that information in the tax books. The statute does not make this mandate contingent upon the inclusion of the city's tax information in the quorum court's levy ordinance. However, it should be noted that the statute states a time limitation on certification by the city council. Certification must occur on or before the time fixed by law for the levy of county taxes.
In this regard, I must point out that A.C.A. § 26-28-111 provides a mechanism for correcting errors in the tax books.[2] This procedure is available for the correction of extension errors. It is therefore conceivable that the county clerk could prepare the tax books without including the city's levy, and could then point out the error to the assessor, who would then complete the appropriate forms for correcting the books so as to include the city's levy.
A question may arise as to whether the clerk may act unilaterally to include taxes that the quorum court failed to levy, or whether a mandamus action would be necessary to accomplish the correct result. It is my opinion that although a mandamus action is generally available, see
A.C.A. § 16-115-101, it is not necessary, particularly in light of the fact that the clerk's duty in extending taxes on the tax books under A.C.A. § 26-28-103 is not only mandatory, but also is not conditioned on a prerequisite of the quorum court having levied the amounts to be extended.
To summarize, therefore, it is my opinion that the county clerk need not (and should not) rely entirely upon the quorum court's levy ordinance as a source of information to be included in the tax books. The QuitmanSchool District decision indicates that the county clerk has a responsibility to determine independently all authorized taxes to be included in the books. However, the county clerk also has the option of preparing the books without including the city's levy, then notifying the assessor of the error, who would in turn complete the appropriate forms for correcting an extension error in the books. A.C.A. § 26-28-111.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Although it is true that A.C.A. § 26-28-304, which governs the clerk's duty in counties using computerized calculation of assessments, requires the county clerk to determine amounts to be included in the tax books "after levy by the quorum court," I do not interpret that requirement to mean that the county clerk can only include in the tax books taxes that are reflected by the quorum court's levy ordinance. Such an interpretation would plainly conflict with mandates that the county clerk include other tax information, such as the mandate stated in A.C.A. § 26-73-202, which requires the county clerk to include tax information certified to the clerk by a city council.
[2] In addition, Act 1300 of 1997 amended A.C.A. § 14-14-904, which sets the November deadline for the quorum court's levy, so as to allow the Director of the Assessment Coordination Division to extend the time for levy up to sixty days, for good cause shown by the county clerk or county judge, if the "good cause" is related to reappraisal or rollback. This extension is likely only available, however, in instances where there has been no levy yet, and therefore does not apply to the situation you have described. It should be noted that the quorum court cannot reconvene in a new session and pass a new levy ordinance correcting the error in the original levy ordinance. See Ops. Att'y Gen. Nos. 91-144, 90-163, 88-373, and 86-625.