GUNN DISTRIBUTING COMPANY v. TALBERT.

5-1832                                          323 S. W. 2d 435

Opinion delivered April 27, 1959.

*Barber, Henry, Thurman & McCaskill,* for appellant.

*Mehaffy, Smith & Williams* and *William A. Eldredge, Jr.,* for appellee.

GEORGE ROSE SMITH, J. This workmen's compensation claim was filed by the appellee upon the theory that a disabling heart attack which he suffered in his

home was proximately caused by a period of excessive strain and overwork in the course of his employment for the appellant. The commission's finding of compensable disability was affirmed by the circuit court. In seeking a reversal the employer and its insurance carrier question the sufficiency of the evidence and also contend that they were prejudiced by the claimant's failure to give notice of his injury within sixty days after it occurred.

Talbert, a man of fifty-eight, had worked as a shipping clerk for the appellant for thirteen years before he suffered a heart attack at three or four o'clock in the morning on October 12, 1955. During the proceding ten days the appellant had been engaged in moving its warehouse to a new location. Customer shipments were not suspended during the move, so that Talbert not only assisted in the moving but also carried on his regular work. In addition, Talbert's helper was assigned to the moving operation, which materially increased the physical labor that Talbert was required to perform in the shipment of goods. On twelve of the sixteen days immediately preceding his attack Talbert worked overtime for three hours or more. He testified that he was exhausted at the end of each day, that he was so worried and so tired he was unable to sleep at night. His physician testified that in his opinion Talbert's condition was aggravated by the additional stress, which caused the attack to occur earlier than would otherwise have been the case.

The evidence that we have summarized is of a substantial nature and sufficiently establishes a causal connection between the appellee's employment and his disability. See *Bryant Stave & Heading Co.* v. *White,* 227 Ark. 147, 296 S. W. 2d 436. We agree with the views expressed by the commission in its opinion allowing the claim: "That claimant's breakdown occurred at night, while claimant was at rest, and several hours after the work day, does give us some concern. However, we are all aware that the effects of an extremely hard day's work, or the cumulative effect of unusual work problems extending over a period of days or weeks, does not cease

upon our completion of work on any given day. Thus, we conclude that an interval of some eight or ten hours between the end of a day's work and the first manifestation of pain by reason of coronary difficulty is not such an interval as to of itself defeat a theory of association between one's work activities and coronary breakdown when there is competent medical evidence that a causal connection does exist.''

There are two answers to the contention about the claimant's failure to give notice of his injury within sixty days. First, the statute requires that this objection be made at or before the first hearing, which was not done. Ark. Stats. 1947, § 81-1317. Secondly, the same section provides that failure to give the notice shall not bar the claim if the employer had knowledge of the injury, which was the case here, and if the commission determines that the employer has not been prejudiced. Here even the insurance carrier cannot establish the existence of prejudice; for Talbert promptly made a claim against this same insurance company for benefits under a group hospitalization policy. Hence both the employer and the insurer knew of the disability and are not shown to have lost any benefit that might have resulted from an immediate investigation of the injury, if indeed such an investigation was not actually made. We conclude that the record supports the commission's determination that the employer was not prejudiced.

The judgment is affirmed, but the appellee's motion for an allowance of costs for his supplemental abstract is denied, it being our opinion that the appellant's abstract is not seriously deficient.