FLORENCE KELLEY *v.* ROBERT L. KELLEY

5-6060                                          486 S.W. 2d 5

Opinion delivered October 30, 1972

*Davis and Reed,* for appellant.

*No brief for appellee.*

LYLE BROWN, Justice. This litigation stems from a disagreement between the husband and the wife as to the extent of child support owed by the husband. The chancellor held that the husband was not in arrears and

the wife appeals.

In 1971 the parties entered into an agreement styled "Custody, Visitation and Support Agreement". It was agreed that the husband would have custody of the two minor children; that the children could visit their mother any week-end they so desired; and that the husband would pay $8.00 weekly "in consideration of the [wife's] costs with respect to said children". The husband interpreted the support clause to mean he should pay $8.00 per week when the children spent the week-end with their mother. The wife insisted that she was entitled to be paid $8.00 each week irrespective of the visits of the children. It was conceded that the husband had made the payments according to his interpretation of the contract. According to the wife's view of the contract the husband would of course be in arrears.

At the close of appellant Florence Kelley's testimony the chancellor sustained a demurrer to the evidence. In taking that action the chancellor agreed with the husband's interpretation of the contract. It was held that the $8.00 a week was in consideration of the wife's expenses when she did in fact have the children. "It does appear that $8.00 a week was to defray extra expense of appellant for keeping the children on those occasions when they desired to visit her."

We think the chancellor's view of the contract was reasonable. Additionally, the parties to this suit had previously presented the contract to the court and at their request it became a court order. Therefore the court had some control over its order concerning the obligations of the parties and the welfare of the children.

Appellant contends that the court erred in not allowing her an attorney's fee. That matter was within the discretion of the court and we cannot say it was abused.

Subsequent to the hearing on which this appeal is based the court amended its order dismissing the contempt

proceeding by requiring the father to provide the children with a change of clothing and $2.00 spending money when they visited their mother. On appeal the mother objects to the modification. We see no merit in the contention because the modification was strictly to the advantage of the children and the mother.

Affirmed.