Carol HILL et al *v.*
CGR MEDICAL CORPORATION et al

83-286                                        665 S.W.2d 274

Supreme Court of Arkansas
Opinion delivered March 12, 1984

*Phillip H. McMath,* for appellant.

*Steve Clark,* Atty. Gen., by: *David S. Mitchell,* Dep. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. The Workers' Compensation Commission held that Carol Hill and her four children, the widow and dependents of Jerry Thomas Hill, deceased, could not draw future weekly benefits from the Death and Permanent Total Disability Bank Fund. The Court of Appeals reversed. *Hill* v. *CGR Medical Corporation,* 9 Ark. App. 334, 660 S.W.2d 171. We granted certiorari. We affirm the Court of Appeals' reversal and remand to the Workers' Compensation Commission.

Jerry Thomas Hill suffered severe liver damage while in the employ of CGR Medical Corporation. The employer and its workers' compensation carrier, Liberty Mutual Insurance Company, promptly accepted liability and paid all medical expenses and disability benefits due him until his death over a year later. After his death, Liberty Mutual continued paying weekly death benefits to the widow and dependents. The widow and children then filed a tort suit against a third party tortfeasor, Amco Chemical Corporation. Liberty Mutual joined in the tort suit and asserted its right to participate in any recovery to the extent of two-thirds of the net recovery. *See* Ark. Stat. Ann. § 81-1340 (Supp. 1976). The tort claim was settled for a little over $125,000.00 and the net recovery was $69,000.00. At that time Liberty Mutual had paid over $115,000.00 in medical expenses and $16,000.00 in weekly death benefits and was

entitled to receive, as subrogee, $46,194.38 from the settle-ment. However, as part of the settlement Liberty Mutual agreed to waive its subrogation rights to the $46,194.38 in consideration of being absolved of having to pay future benefits to the widow and dependents.

In the order of distribution approved by the Administrative Law Judge it was stipulated that the children's share of the settlement would be invested on behalf of the widow so that she would have an annual income for both herself and the four children in excess of the death benefits due from Liberty Mutual. In that same order the Administrative Law Judge noted that the widow took the position that "once this credit is granted to Liberty Mutual, as Workers' Compensation carrier, for the balance owed on the $50,000.00 limitation, the widow and children would be able to draw future benefits from the Death and Permanent Total Disability Bank Fund."

Ark. Stat. Ann. § 81-1310 (c) (1) (Repl. 1976) provides that the limitation period of 450 weeks and total compensation prescribed for disability shall not apply in cases of death. At the time this claim arose Ark. Stat. Ann. § 81-1310 (c) (2) (Repl. 1976) provided:

> The first Fifty Thousand Dollars ($50,000) of weekly benefits for death or permanent total disability shall be paid by the employer or his insurance carrier in the manner provided in this Act. An employee or dependent of an employee who receives a total of Fifty Thousand Dollars ($50,000) in weekly benefits shall be eligible to continue to draw benefits at the rates prescribed in this Act but all such benefits in excess of Fifty Thousand Dollars ($50,000) shall be payable from the Death and Permanent Total Disability Bank Fund.

The issue, as precisely stated by the Court of Appeals, is "does the liability of the death and permanent Total Disability Bank Fund to continue payment of weekly benefits arise where the initial $50,000.00 obligation of the carrier had been discharged in part by payment of weekly benefits and the balance by waiving its right as subrogee to

participate in a recovery from a third-party tortfeasor in consideration for not being required to pay future weekly benefits to the widow and dependents of a deceased worker."

We affirm the Court of Appeals and hold that the Bank Fund will become liable on the date the carrier's $50,000.00 limitation would have been discharged had there been no settlement.

The basis of the holding is that Liberty Mutual gave up its right to the subrogation funds as a credit against future payments of compensation. The Workers' Compensation Act provides for credits which may be given to an employer or carrier. Ark. Stat. Ann. § 81-1319 (m) (Repl. 1976) provides: "Credit for compensation of wages paid. — If the employer has made advance payments of compensation he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due."

Under the order of distribution the net settlement is invested so that the widow will have an annual income for both herself and the four children in excess of the benefits she would receive under the Workers' Compensation Act. Ark. Stat. Ann. § 81-1310 (c) (2) provides that the liability of the Bank Fund arises only after the first $50,000.00 of weekly benefits has been paid by the carrier and received by the dependents in the manner provided by the act. This prevents acceleration of the date of liability for the Bank Fund because the credit for payments of compensation in advance can only be allowed in the weekly amounts as they fall due.

Appellee Bank Fund contends that each dependent must draw $50,000.00 in weekly funds before becoming eligible to draw from the Bank Fund. We do not construe the statute in that manner. The applicable statute, Ark. Stat. Ann. § 81-1310 (c) (2), quoted above, provides that the first $50,000.00 of benefits shall be paid by the employer or his insurance carrier and that all benefits in excess of $50,000.00 shall be payable from the Bank Fund. The language and intent of the statute are apparent. Had the General Assembly intended that each dependent must draw $50,000.00 in weekly funds before becoming eligible to draw from the

Bank Fund the act would have so stated and would not have provided that the employer or its carrier pay the *first* $50,000.00 and would not have provided that *all benefits* in excess of $50,000.00 are payable from the bank fund.

Affirmed.