SPARKS REGIONAL MEDICAL CENTER *v.* DEATH
AND PERMANENT TOTAL DISABILITY BANK
FUND

CA 87-71                                          737 S.W.2d 463

Court of Appeals of Arkansas
Division I
Opinion delivered October 14, 1987

*Jones, Gilbreath, Jackson & Moll*, by: *Robert L. Jones III* and *Charles R. Garner, Jr.*, for appellant.

*Walter A. Murray Law Firm*, for Amicus Curiae, Arkansas Self-Insurers' Association.

*Steve Clark*, Att'y Gen., by: *Rick D. Hogan*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from the Arkansas Workers' Compensation Commission and presents the question of whether the employer or the Death and Permanent Total Disability Bank Fund is liable for certain weekly benefits due to the claimant.

The claimant suffered a compensable injury on December 26, 1980. The Commission held that his healing period ended on February 7, 1983, and that he became permanently and totally disabled on that date. It was stipulated that, as of December 6, 1984, the employer had paid weekly indemnity benefits totaling $25,956.00 and medical benefits of $25,540.78. The employer contended that all the weekly benefits paid, whether for temporary total disability or permanent total disability, should be applied toward the employer's liability limit of $50,000.00 as provided in Ark. Stat. Ann. § 81-1310(c)(2) (Supp. 1981), in effect at the time of the injury in this case. This limit was fixed by

Act 253 of 1979, which amended various sections of the workers' compensation law and which, as it existed on December 26, 1980, provided as follows:

> The first Fifty Thousand Dollars ($50,000.00) of weekly benefits for death or permanent total disability shall be paid by the employer or his insurance carrier in the manner provided in this Act. An employee or dependent of an employee who receives a total of Fifty Thousand Dollars ($50,000.00) in weekly benefits shall be eligible to continue to draw benefits at the rates prescribed in this Act but all such benefits in excess of Fifty Thousand Dollars ($50,000.00) shall be payable from the Death and Permanent Total Disability Bank Fund.

The Commission affirmed a law judge's finding that the employer was not entitled to credit its weekly temporary total disability payments against the statutory limit of $50,000.00 as that limit applied only to weekly indemnity benefits paid for permanent and total disability. After quoting the statute, the Commission's opinion stated:

> Of course, the second reference to the $50,000.00 is not followed by "weekly benefits for death or permanent total disability" but in context clearly refers to permanent disability payments. It would be a total distortion of legislative intent and plain and clear meaning of an unambiguous statute to find that temporary total disability should be counted toward the ceiling. The reference to "all such benefits" plainly refers back to the "weekly benefits for death or permanent total disability."
>
> The authors of the Statute could not have intended for temporary disability benefits and permanent disability benefits to be treated as interchangeable since they are plainly authorized only in diametrically opposed situations. The worker who qualifies for temporary benefits is paid while in his healing period and until his condition stabilizes. Until the healing period is ended, there is no way to determine whether there is permanent disability. This distinction is maintained in the case law. See *Mad Butcher, Inc.* v. *Parker*, 4 Ark. App. 124, 628 S.W.2d 582 (1982) for a discussion of the healing period and the

necessity for the injury to stablize before it is ended. Temporary total disability benefits are just that—"temporary"—we could not award them past the end of the healing period even if we wanted to because the Arkansas Supreme Court has defined temporary total disability as "that period *within* the healing period in which the employee suffers a total incapacity to earn wages" (emphasis supplied). *Arkansas State Highway & Transportation Department* v. *Breshears*, 272 Ark. 244, 613 S.W.2d 392 (1981). Temporary total disability benefits were recognized as a legitimate form of benefits distinct from permanent benefits in *International Paper Company* v. *McGoogan*, 255 Ark. 1025, 504 S.W.2d 739 (1974). That case settled the precise issue of whether such a form of benefits could be awarded in addition to scheduled (permanent) benefits. Since there are clearly two separate forms of disability payments, i.e., temporary and permanent, it is compatible with a common sense interpretation of § 10(c)(2) to find that only permanent disability benefits are to be counted toward the ceiling at which the Bank Fund takes over since permanent benefits are the benefits which are payable by the Bank Fund and are the benefits which are clearly referred to in the statute. To construe the statute to include payments of temporary total disability benefits would be to disregard the patent language and time honored distinction between the two types of benefits in our statutes and decisions. If the legislature intended such a convoluted interpretation as the respondents maintain, it would have said so. We note that several cases are cited, but they are not controlling. While the two types of benefits may have been added together to reach the ceiling in those cases, no objection was raised, and the issue was not decided or discussed.

On appeal to this court the employer argues that section 81-1310(c)(2), as fixed by Act 253 of 1979, is ambiguous and contends that the phrase "first $50,000.00 of weekly benefits for death or permanent total disability" could refer to either the condition of the claimant as ultimately determined by the Commission or to the characterization of the weekly benefits. This contention is more clearly put by an amicus curiae brief

which states that disability payments made before it is determined the claimant is totally and permanently disabled are "nonetheless 'weekly benefits for death or permanent disability.'" It is conceded that medical and rehabilitative expenses would not apply toward the statutory maximum but it is argued that all weekly benefits paid for both temporary total disability and permanent total disability should apply toward the statutory maximum.

■ We do not agree that the section is ambiguous, and we think the Commission's interpretation is correct. This section was involved in the case of *Hill* v. *CGR Medical Corporation*, 9 Ark. App. 334, 660 S.W.2d 171 (1983), affirmed by the Arkansas Supreme Court in 282 Ark. 35, 665 S.W.2d 274 (1984), and the Commission's decision is in harmony with the decision in *Hill*. The appellant calls attention to Ark. Stat. Ann. § 81-1310(a)(C)(Supp. 1981) (which also came from Act 253 of 1979), and points to the $56,700.00 provided there as the employer's limit of liability for weekly benefits. However, that section expressly states that the limit does not apply "in cases of permanent total disability." As the Commission's opinion points out, it is clear that there is a distinction between permanent total disability and temporary total disability and we do not think the limit of $56,700.00 (based upon 450 weeks at the then maximum weekly benefit of $126.00) provided in section 81-1310(a)(C) causes any ambiguity in regard to section 81-1310(c)(2).

■ Appellant also argues that even if we find there is no ambiguity we should reach the result appellant submits because it has made an advance payment of compensation for which it should be reimbursed pursuant to Ark. Stat. Ann. § 81-1319(m)(Repl. 1976). Again, we do not agree. Under Ark. Stat. Ann. § 81-1310(c)(2)(Supp. 1981), the first $50,000.00 of weekly benefits for death or permanent total disability must be paid by the employer or its insurance carrier before the Bank Fund becomes liable. The payments appellant made to the claimant prior to February 7, 1983, were for temporary total disability. Only those payments made after that date were for permanent total disability and only those payments may be applied toward the maximum of $50,000.00.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.