DEATH & PERMANENT TOTAL DISABILITY TRUST FUND *v.* WHIRLPOOL CORPORATION

CA 91-512                                    837 S.W.2d 293

Court of Appeals of Arkansas
Division I
Opinion delivered September 30, 1992

*David L. Pake,* for appellant.

*Jones, Gilbreath, Jackson and Moll,* by: *Robert L. Jones, III,* for appellee.

JAMES R. COOPER, Judge. The claimant in this workers' compensation case sustained two successive permanent injuries in the employ of the appellee, Whirlpool Corporation. The claimant's first injury took place in 1979, and resulted in payment of $5,174.26 in permanent partial disability benefits. The claimant returned to work at Whirlpool and was continuously employed there until he suffered a second compensable injury in 1985, which resulted in additional permanent anatomical impairment and a finding of permanent total disability. Subsequently, a

dispute arose between the appellant Trust Fund and the employer concerning the employer's assertion that it was entitled to take credit for the $5,174.26 paid to the claimant for permanent partial disability arising from the 1979 injury. The Commission concluded that the employer was entitled to credit for those permanent partial disability payments. From that decision, comes this appeal.

For reversal, the Trust Fund contends that the Commission erred in allowing the appellee employer credit for the permanent partial disability benefits paid for the 1979 injury. We affirm.

The Commission concluded that the employer was entitled to credit for the prior payment of permanent partial disability benefits pursuant to Ark. Stat. Ann. § 81-1313(f)(1) (Repl. 1976), which provides that:

(f) Second injury: In cases of permanent disability arising from a subsequent accident, where a permanent disability existed prior thereto:

(1) If an employee receives a permanent injury after having previously sustained another permanent injury in the employ of the same employer, for which he is receiving compensation, compensation for the subsequent injury shall be paid for the healing period and permanent disability by extending the period and not by increasing the weekly amount. When the previous and subsequent injuries received result in permanent total disability, compensation shall be payable for permanent total disability as provided in Section 10(a) [§ 81-1310] of this Act.

In determining when Fifty Thousand Dollars ($50,000) in weekly benefits has been paid for permanent total disability awarded under Section 10(a) [§ 81-1310] of this Act, *the weekly benefits paid for the prior injury shall be added to the weekly benefits paid for the subsequent injury.* (Emphasis supplied).

The appellant argues that Ark. Stat. Ann. § 81-1313(f)(1) was superseded by Act 290 of 1981, which established the Second Injury Fund. Specifically, the appellant asserts that § 81-1313(f)(1) was superseded by the language in Act 290 providing that:

> Commencing January 1, 1981, all cases of permanent disability or impairment where there has been previous disability or impairment shall be compensated as herein provided.

Ark. Stat. Ann. § 81-1313(i) (now codified at Ark. Code Ann. § 11-9-525(b)(1) (1987)). However, the Arkansas Supreme Court has held that Act 290 did not repeal Ark. Stat. Ann. § 81-1313(f)(1) either specifically or by implication. *Riceland Foods, Inc.* v. *Second Injury Fund*, 289 Ark. 528, 715 S.W.2d 432 (1986). The Court held that, because the claimant in *Riceland* was permanently and totally disabled, and because both injuries occurred while the claimant was in Riceland's employment, Riceland, rather than the Second Injury Fund, was responsible for all the compensation and benefits due the claimant. *Id.* at 532. The Supreme Court reached this conclusion by reading the two statutes together; after so construing the statutes, the Court reconciled them by stating that:

> If successive injuries in the same employment cause total and permanent disability the employer or his insurance carrier is responsible to the employee for all benefits. If the previous disability or impairment did not arise out of the employment by the same employer, the Second Injury Fund must pay the benefits.

*Riceland Foods, Inc., supra*, at 532.

Moreover, it is clear that Ark. Stat. Ann. § 81-1313(f)(1) was not superseded by Act 290 with respect to cases subsequent to January 1, 1981, because the claimant's injury in the Supreme Court's *Riceland* case occurred in March 1981. *Second Injury Fund* v. *Riceland Foods, Inc.*, 17 Ark. App. 104, 704 S.W.2d 635 (1986) (*aff'd sub nom Riceland Foods, Inc.* v. *Second Injury Fund, supra*).

Finally, it should be noted that Ark. Stat. Ann. § 81-1313(f)(1) was not included in the Arkansas Code of 1987. Section 1-2-103 of the Code repealed "[a]ll acts, codes, and statutes, and all parts of them and all amendments to them of a general and permanent nature in effect on December 31, 1987 . . . ." Specifically excepted from this repeal, however, were statutes omitted "improperly or erroneously" from the Code.

Ark. Code Ann. § 1-2-103(a)(2) (1987). In the absence of any specific repeal of Ark. Stat. Ann. § 81-1313(f)(1), and given its continued validity under the *Riceland* cases cited *supra*, we hold that Ark. Code Ann. § 81-1313(f)(1) was improperly or erroneously omitted from the Code, and therefore remains in effect pursuant to Ark. Code Ann. § 1-2-103(b) (1987).

Next, the appellant contends that § 1313(f) cannot apply because it imposes on the employer the duty to pay only $50,000 in weekly benefits; here, however, the employer has stipulated that it is liable for $75,000 in weekly benefits. The appellant argues that this stipulation by the employer is a "tacit admission" that § 81-1313(i) applies. We do not agree.

■ Although the appellee did concede that it was liable for $75,000 in weekly benefits, that figure was derived not from subsection (a), but instead from Ark. Code Ann. § 11-9-502(b) (1987), which provides that:

> (b)(1) For injuries occurring on and after March 1, 1981, the first seventy-five thousand dollars ($75,000) of weekly benefits for death or permanent total disability shall be paid by the employer or his insurance carrier in the manner provided in this chapter.

> (2) An employee or dependent of an employee who receives a total of seventy-five thousand dollars ($75,000) in weekly benefits shall be eligible to continue to draw benefits at the rates prescribed in this chapter, but all benefits in excess of seventy-five thousand dollars ($75,000) shall be payable from the Death and Permanent Total Disability Trust Fund.

The question of whether the $50,000 limit on an employer's liability provided for in § 81-1313(f)(1) has been superseded by the $75,000 limit provided for in Ark. Code Ann. § 11-9-502 is not properly before us in this case; the employer stipulated to its liability to the extent of $75,000 before the Commission; this stipulation, as reflected in the Commission's opinion, was strictly to the advantage of the appellant, who will not be heard to object to it for the first time on appeal. *See Kelley* v. *Kelley*, 253 Ark. 378, 486 S.W.2d 5 (1972).

Although the issue is therefore not properly before us, we

nevertheless note that we believe that the Commission's decision was correct. In its opinion, the Commission cited its prior opinion in *Wennberg* v. *Sparks Regional Medical Center*, Ark. W. Comp. Commn. D109279, D40586 (op. del. February 2, 1989), where it decided the precise question which is presented by the case at bar:

> Notwithstanding the clear implication of subsection 502(b)(2), the employer insists that its own liability ceases after $50,000 has been paid, relying on the references to that amount in former Ark. Stat. Ann. § 81-1313(f)(1). That statute was not carried forward into the new Code, but it is still effective to impose liability on the employer (rather than the Second Injury Fund) where disability results from successive injuries in the same employment. *Riceland Foods, Inc.* v. *Second Injury Fund*, 289 Ark. 528, 715 S.W.2d 432 (1986). It is patently obvious to us that the General Assembly merely failed to amend § 13(f)(1) to conform with §502 through oversight and did not intentionally retain the employer's maximum liability at $50,000. If an employer stopped paying after $50,000 in benefits, but the Bank Fund became liable only after $75,000 in benefits had been paid, a claimant would never collect anything from the Bank Fund. That would be an absurd result. Common sense tells us that the legislature intended a reasonable result and one which allows a worker to receive all the benefits to which he is entitled. We also note that §502(b)(2) is immediately preceded by §502(b)(1), which states that, '[T]he first seventy-five thousand dollars ($75,000) of weekly benefits for death or permanent total disability shall be paid by the employer or his insurance carrier . . . .' Notwithstanding the omission to make the disputed section consistent, the legislative intent that the employer shall pay the first $75,000 of permanent total disability benefits is manifest and needs no further discussion.

We think that the Commission correctly concluded that the $75,000 limit applies to cases brought under Ark. Stat. Ann. § 81-1313(f)(1). Given the Supreme Court's holding in *Riceland, supra,* it is clear that § 81-1313(f)(1) remains in effect. Although the provision for a $75,000 limit on an employer's liability in Ark. Code Ann. § 11-9-502(b) creates an ambiguity,

such conflicts and ambiguities in the statutes must be resolved in favor of the claimant due to the remedial nature of the legislation. *Noggle* v. *Arkansas Valley Elect. Co-op.*, 31 Ark. App. 104, 788 S.W.2d 497 (1990). The Commission's opinion in *Wennberg, supra*, does so in a manner that ensures claimants access to the Bank Fund once the employer's limits of liability have been reached.

The appellant next contends that there is no substantial evidence to support the Commission's finding that the claimant's 1979 injury and 1985 injury combined to result in permanent total disability. We do not address this issue because the appellant has failed to provide us with an abstract of the medical evidence it relies upon for reversal. Therefore, we cannot determine the sufficiency of the evidence without going to the record. We will not do so to determine whether reversible error occurred. *See Farmers Bank* v. *Perry*, 301 Ark. 547, 787 S.W.2d 645 (1990).

Finally, the appellant contends that permanent partial disability cannot be credited against the employer's obligation under Ark. Code Ann. § 11-9-502(b)(1) because that statute permits credit only for benefits for "death or *permanent* total disability." (Emphasis supplied). However, we think that the applicable provision regarding benefits which may be credited is found in Ark. Stat. Ann. § 81-1313(f)(1), which permits the weekly benefits paid for the prior injury to be credited in determining whether the employer's statutory limit of liability has been met. The "weekly benefits" referred to in the statute do not include temporary disability payments, and are limited to benefits for permanent disability. *See Sparks Regional Med. Center* v. *Death and Permanent Total Disability Bank Fund*, 22 Ark. App. 204, 737 S.W.2d 463 (1987). Given that only permanent disability benefits may be credited, we must hold that § 81-1313(f)(1) permits credit for permanent partial disability payments. To hold otherwise would be to reach the absurd result of allowing credit only for benefits paid for a permanent total disability which is followed by continued employment by the same employer and a second injury resulting in another permanent total disability. The legislature will not be presumed to have done a vain or useless thing. *Phillips Petroleum Co.* v. *Heath*, 254 Ark. 847, 497 S.W.2d 30 (1973).

Affirmed.

JENNINGS, J., agrees.

ROGERS, J., concurs