Judith HANCOCK *v.* MODERN INDUSTRIAL LAUNDRY

CA 93-856                                                  878 S.W.2d 416

Court of Appeals of Arkansas
Division II
Opinion delivered June 22, 1994

*Robert B. Buckalew* and *Gary Davis*, for appellant.

*Walter A. Murray*, for appellant.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case filed a claim for benefits alleging that she sustained chemical burns to her arms on September 4, 1990, during the course of her employment at Modern Industrial Laundry. The Commission concluded that her claim was one for an occupational disease which required her to prove a causal connection by clear and convincing evidence; employing this standard, the Commission found that the appellant failed to prove entitlement to benefits. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in concluding that her claim was one for an occupational disease requiring her to prove a causal connection by clear and convincing evidence. We agree, and we reverse and remand.

The record shows that, on the day of her injury, the appellant was employed at Modern Industrial Laundry removing sheets from a buggy, and helping another person pull the sheets taut so they could travel through a mangle iron. The appellant claimed that she noticed her arm turning red while pulling wet sheets out of a basket that day and sought medical treatment, subsequently undergoing grafts for burns to her forearm. In short, all the evidence in this case points to a single injurious exposure resulting in the injuries claimed by the appellant in the case at bar; although there was some evidence that the appellant sustained similar injuries while working for a different employer, the evidence in this case showed that those prior injuries were, for all practical purposes, healed by the time she sustained the injuries on which the case at bar is based.

Arkansas Code Annotated § 11-9-601(e)(1) (1987) defines "occupational disease" as any *disease* resulting in death or disability that arises out of or in the course of the occupation,

or naturally follows from an injury. Although our Act does not define the distinction between "accidental injury" and "disease," one widely accepted and salient distinction is that occupational diseases are generally gradual rather than sudden in onset. *See, e.g.*, 1B Arthur Larson, *Workmens' Compensation Law* § 41.31 (1992). Given that the evidence shows that the appellant's traumatic injury resulted from a single injurious exposure and was sudden in its onset, we hold that the Commission erred in characterizing it as an occupational disease rather than an injury.

The appellant also argues that the Commission erred in allowing a witness, Imogene Beavers, to testify by deposition. We do not address this question because the appellant has failed to include the challenged deposition in the record before us, and we are therefore unable to determine whether reversible error occurred. *See Death and Permanent Total Disability Trust Fund* v. *Whirlpool Corp.*, 39 Ark. App. 62, 837 S.W.2d 293 (1992).

Because of our resolution of the appellant's first point for reversal, we need not address the remainder of her arguments.

Reversed and remanded.

JENNINGS, C.J., and ROBBINS, J., agree.