The Honorable Lloyd R. George State Representative Route 1 East Ola, Arkansas 72853
Dear Representative George:
This is in response to your request for an opinion concerning the validity of section 10 of Act 1061, which was an appropriation bill adopted in 1987. The provision in question is set out below:
 Effective July 1, 1989, the State of Arkansas shall no longer authorize the assignment of Emotionally Disturbed Youth to any out-of-state treatment facility.
The first issue raised in your letter is whether all provisions of an appropriation bill expire after two years. This is addressed by Article 5, section 29, of the Arkansas Constitution, which provides that:
 No money shall be drawn from the treasury except in pursuance of specific appropriation made by law, the purpose of which shall be distinctly stated in the bill, and the maximum amount which may be drawn shall be specified in dollars and cents; and no appropriations shall be for a longer period than two years.
Examining the plain language of our Constitution, this section states that "no appropriations shall be for a longer period than two years." It does not state that an appropriation bill expires after two years. An "appropriation" involves designating the use of a fund or an expenditure authorized for a specified amount, purpose, and time. Black's Law Dictionary, p. 93 (5th ed. 1979).
It is therefore my opinion, that the provision in question is not an "appropriation," but is substantive in nature. The Supreme Court has stated that article 5, section 30, of the constitution[1] does not prohibit including substantive language in an appropriation bill if "all relate to but one subject." Arkansas Motor Carriers Ass'n Inc. v. Pritchett, 303 Ark. 620
(1990). In Pritchett, the court upheld a provision that permanently abolished two agencies, transferring their duties to a third. Absent a statute or decision from the Arkansas Supreme Court that specifically circumscribes the effective length of such substantive provisions, it is my opinion that this substantive provision of the appropriation act did not expire after two years.
The second issue raised in your letter concerns the validity of a law that has not been codified in the Arkansas Code. This is addressed by A.C.A. 1-2-103 (1987), which states in relevant part that:
 (a) All acts, codes, and statutes, and all parts of them and all amendments to them of a general and permanent nature in effect on December 31, 1987, are repealed unless:
 (1) Expressly continued by specific provision of this Code.
 (2) Omitted improperly or erroneously as a consequence of compilation, revision, or both, of the laws enacted prior to this Code, including without limitation any omissions that may have occurred during the compilation, revision, or both, of the laws comprising this Code; or
 (3) Omitted, changed, or modified by the Arkansas Code Revision Commission, or its predecessors, in a manner not authorized by the laws or the constitutions of Arkansas in effect at the time of omission, change, or modification.
 (b) In the event one of the above exceptions should be applicable, the law as it existed on December 31, 1987, shall continue to be valid, effective, and controlling.
It is clear that all acts in effect on December 31, 1987, were repealed by this statute, unless one of the above exceptions apply. In my opinion, the provision falls within an exception to 1-2-103, specifically 1-2-103(a)(2), and was therefore not repealed by A.C.A. 1-2-103. I have already concluded that the law was a valid, continuing, substantive provision adopted in 1987, which means that the valid law was omitted improperly or erroneously from the Code. The Arkansas Court of Appeals has stated that "in the absence of any specific repeal of Ark. Stat. Ann. 81-1313(f)(1), and given its continued validity . . . , we hold that Ark. Stat. Ann. 81-1313(f)(1) was improperly or erroneously omitted from the code, and therefore remains in effect pursuant to Ark. Code Ann. 1-2-103(b) (1987)." Death Permanent Total Disability Trust Fund v. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293
(1992).
While A.C.A. 1-2-103 did not repeal section 10 of Act 1061, it is my opinion, that section 10 was repealed by the successor to Act 1061 — Act 100 of 1989 (the 1989 DHS Appropriation Act). Section 8 of Act 100 replaced section 9 of Act 1061 (with a few changes), but the language in section 10 of the old Act was eliminated from the new Act. The Supreme Court of Arkansas has said that "A repeal by implication is accomplished where the Legislature takes up the whole subject anew and covers the entire ground of the subject matter of a former statute and evidently intends it as a substitute, although there may be in the old law provisions not embraced in the new." Uilkie v. State, 309 Ark. 48 (1992) (quoting Berry v. Gordon, 237 Ark. 547, 376 S.W.2d 279 (1964), quoting Babb v. El Dorado, 170 Ark. 10, 278 S.W. 649 (1926)).
Section 8 of the new Act cannot co-exist with Section 10 of the old Act. Section 8 of Act 100 of 1989 provides that:
 It is the intent of the Legislature that treatment for Emotionally Disturbed Youth (EDY) within the State of Arkansas will result in higher quality of care provided for less costs when compared with similar services delivered out-of-state. The Department of Human Services, Division of Children and Family Services shall provide a report monthly to the Arkansas Legislative council reflecting the number of Youth receiving services out-of-state, including plans for their return to Arkansas. Additionally, out-of-state placements for emotionally disturbed youth should only be considered in the event that all other alternatives are exhausted.
This provision is currently codified in the Arkansas Code at A.C.A. 20-46-106 (Repl. 1991). This language clearly cannot be reconciled with section 10 which states that "Arkansas shall no longer authorize the assignment of Emotionally Disturbed Youth to any out-of-state treatment facility." In Uilkie the Arkansas Supreme Court stated that if two Acts on the same subject "are repugnant in any of their provisions, the latter Act, without any repealing clauses, operates to the extent of the repugnancy as a repeal of the first." Id.
For the reasons discussed above, I have concluded that, in my opinion, Section 10 of Act 1061 is not presently effective.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:ddm/cyh
[1] This section states: "The general appropriation bill shall embrace nothing but appropriations for the ordinary expense of the executive, legislative, and judicial departments of the State; all other appropriations shall be made by separate bills, each embracing but one subject." Emphasis added.