WEYERHAEUSER COMPANY *v.* Jerry Don JOHNSON

CA 94-277                                             891 S.W.2d 64

Court of Appeals of Arkansas
Division I
Opinion delivered January 18, 1995

*Wright, Lindsey & Jennings*, for appellant.

*Lane, Muse, Arman & Pullen*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from the Workers' Compensation Commission's opinion finding that appellee's failure to provide notice of his injury was excused under Ark. Code Ann. § 11-9-701(b)(1)(B) (1987); and that appellant was liable for temporary total disability benefits accruing between June 19, 1991 and February 2, 1992, and all reasonable and necessary medical expenses incurred. On appeal, appellant argues that the Commission erred as a matter of law in awarding appellee benefits under Ark. Code Ann. § 11-9-701(a)(1) and (b)(1)(B) (1987). We disagree and affirm.

On February 2, 1992, appellee filed a workers' compensation claim alleging that his pulmonary problems were work related.

Appellant accepted the claim as compensable and paid all benefits beginning on February 2, 1992. Appellee then filed a claim contending that he was due benefits which he incurred beginning from June 19, 1991, the date he began having pulmonary problems, until February 2, 1992, the date he became aware that his pulmonary problems were work related. Appellant, however, denied responsibility for benefits for that period of time. The administrative law judge found appellant liable for benefits, and the Commission affirmed.

Appellant argues on appeal that the Commission erred as a matter of law in its interpretation and application of Ark. Code Ann. § 11-9-701(a)(1) and (b)(1)(B). Appellant contends that the failure of appellee to report the injury as set forth in Ark. Code Ann. § 11-9-701(a)(1) relieved it of the responsibility for the payment of benefits for the period of time before they received notice of the injury.

Arkansas Code Annotated § 11-9-701(a)(1) provides that:

(a)(1) Unless an injury either renders the employee physically or mentally unable to do so, or is made known to the employer immediately after it occurs, the employee shall report the injury to the employer on a form prescribed or approved by the commission and to a person or at a place specified by the employer, and *the employer shall not be responsible for disability, medical, or other benefits prior to receipt of the employee's report of injury.* (emphasis added)

Arkansas Code Annotated § 11-9-701(b)(1)(B) provides:

(b)(1) Failure to give the notice shall not bar any claim:

. . .

(B) If the employee had no knowledge that the condition or disease arose out of and in the course of the employment.

Appellant contends that Ark. Code Ann. § 11-9-701(a)(1) provides in part that an employer is not responsible for benefits prior to the receipt of notice of an injury. Appellant further argues that the exceptions in Ark. Code Ann. § 11-9-701(b)(1) do not apply to hold an employer responsible for benefits prior to receipt

of notice because the exceptions in subsection (b)(1) only apply to cases where there is an attempt to bar an entire claim. Appellant submits that it is not trying to bar appellee's claim in its entirety, but is only maintaining that it is not responsible for benefits for the period of time before it received notice of appellant's injury. We disagree with appellant's interpretation of Ark. Code Ann. § 11-9-701(a)(1) and (b)(1).

The first rule of interpreting a statute is to construe it just as it reads by giving words their ordinary and usually accepted meaning. *Farnsworth* v. *White County*, 312 Ark. 574, 851 S.W.2d 451 (1993). Statutes relating to the same subject should be read in a harmonious manner if possible. *City of Fort Smith* v. *Tate*, 311 Ark. 405, 844 S.W.2d 356 (1993). All statutes on the same subject are *in pari materia* and must be construed together and made to stand if capable of being reconciled. In interpreting a statute and attempting to construe legislative intent, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate matters that throw light on the matter. *Id.* Provisions of our Workers' Compensation Act are to be construed liberally in accordance with the chapter's remedial purposes. Ark. Code Ann. § 11-9-704(c)(3).[1]

Subsections (a) and (b) of Ark. Code Ann. § 11-9-701 are both contained in the same statute which is titled "Notice of injury or death." When reading subsections (a)(1) and (b)(1), giving the words their ordinary meaning, it is clear that these subsections are to be read together. Subsection (a)(1) requires in part that the employee provide the employer with notice of an injury, whereas subsection (b)(1) provides excuses for an employee's failure to provide notice as required in subsection (a)(1). This conclusion that subsections (a)(1) and (b)(1) are to be read together is supported by both the legislative history of Ark. Code Ann. § 11-9-701 and prior case law.

Arkansas Code Annotated § 11-9-701 is the codification of Ark. Stat. Ann. § 81-1317, which provided that:

---

[1]We note that Act No. 796, § 29 of 1993 amended § 11-9-704(c)(3) by requiring that provisions of this chapter are to be strictly construed. This case predates the 1993 amendment; therefore, we have not applied the new standard of construction.

(a) Notice of injury or death for which compensation is payable shall be given within sixty (60) days after the date of such injury or death to the employer, or written notice to the Commission which shall notify the employer immediately.

(b) Failure to give such notice shall not bar any claim (1) if the employer had knowledge of the injury or death, (2) if the employee had no knowledge that the condition or disease arose out of and in the course of the employment, or (3) if the commission excuses such failure on the grounds that for some satisfactory reason such notice could not be given. Objection to failure to give notice must be made at or before the first hearing on the claim.

Under previous case law, the exceptions in (b) were consistently applied to section (a) to excuse a claimant's failure to provide notice of an injury. *See Gunn Distributing Co.* v. *Talbert*, 230 Ark. 442, 323 S.W.2d 435 (1959); *Quality Service Railcar* v. *Williams*, 36 Ark. App. 29, 820 S.W.2d 278 (1991); and *Calion Lumber Co.* v. *Goff*, 14 Ark. App. 18, 684 S.W.2d 272 (1985). In *Calion Lumber* v. *Goff*, the claimant injured his back and did not report the injury until over a year later. He believed that he had suffered only a minor injury and continued working for over a year until he was unable to continue. The Commission found under Ark. Stat. Ann. § 81-1317(b) (Supp. 1983) there was a satisfactory reason for the claimant's failure to timely report the injury, in that the claimant thought that he had suffered a relatively minor injury and because the disabling consequences of the injury developed over a prolonged period of time. We affirmed the Commission's decision. Although Ark. Stat. Ann. § 81-1317(a) has been modified since the *Calion Lumber* decision by removing the sixty day limitation, by adding excuses for an employee's failure to report an injury, and by adding that an employer shall not be responsible for benefits prior to notice; subsection (b) has not been changed and there is no indication that the exceptions set forth in subsection (b) would not continue to apply to Ark. Code Ann. § 11-9-701(a)(1).

In the present case, the Commission found that:

. . . Ark. Code Ann. § 11-9-701(a) appears to set forth excuses for claimant's failure to report a work-related injury

to the employer on a form prescribed or approved by the Commission and in accordance with any reasonable reporting procedures specified by the employer. This section, by necessity, assumes that claimant or the employer already knows that a work-related injury has been sustained. Ark. Code Ann. § 11-9-701(b)(1) provides excuses for the failure to give written notice of injury according to the requirements of Ark. Code Ann. § 11-9-701(a). To interpret the statute in any other manner would render Ark. Code Ann. § 11-9-701(b) totally meaningless. Claimant certainly cannot be expected, or required, to report a work-related injury until he knows, or should reasonably be expected to know, that he has sustained one.

■ After reviewing the legislative history, prior case law, and the plain meaning of the statute; we find the Commission's interpretation and application of § 11-9-701 persuasive. Therefore, we hold that Ark. Code Ann. § 11-9-701(b)(1) provides excuses for a claimant's failure to give written notice to an employer according to the requirements set forth in Ark. Code Ann. § 11-9-701(a)(1).

Affirmed.

JENNINGS, C.J., and ROBBINS, J., agree.