The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion concerning the application of A.C.A. §§ 28-41-101 and 102 (Supp. 1995), which provide for the distribution of small estates (less than $50,000), without the appointment of a personal representative. Specifically, you have asked whether these Arkansas Code provisions allow a bank to distribute all of the estate funds the bank holds to the person who signs the required affidavit and presents the affidavit to the bank, or whether the bank is required to divide the proceeds of the estate property it holds among all of the beneficiaries listed and named in the affidavit. The pertinent portions of the statutes, which were last amended by Act 687 of 1993, provide as follows:
28-41-101 Collection of small estates by distributee.
 (a) The distributee of an estate shall be entitled thereto without the appointment of a personal representative when:
 (1) No petition for the appointment of a personal representative is pending or has been granted; and
(2) Forty-five days have elapsed since the death of the decedent; and
 (3) The value, less encumbrances, of all property owned by the decedent at the time of the death, excluding the homestead of and the statutory allowances for the benefit of a spouse or minor children, if any, of the decedent, does not exceed fifty thousand dollars ($50,000); and
 (4) There shall be filed with the clerk of the probate court of the county of proper venue for administration an affidavit of one (1) or more of the distributees setting forth:
* * *
 (D) The names, addresses, and relationship to the decedent of the persons entitled to and who will receive the property. . . . [Emphasis added.]
A.C.A. § 28-41-101 (Supp. 1995).
The other relevant statute (A.C.A. § 28-41-102 (Supp. 1995)) provides that:
 (a) The person making payment, transfer, or delivery pursuant to the affidavit described in § 28-41-101 shall be released to the same extent as if made to a personal representative of the decedent, and he shall not be required to see to the application thereof or to inquire into the truth of any statement in the affidavit.
 (b)(1) The distributee to whom payment, transfer, or delivery is made, as trustee, shall be answerable to any person having a prior right and shall be accountable to any personal representative thereafter appointed.
* * *
 (c) If the person to whom the affidavit is delivered refuses to pay, transfer, or deliver the property as above provided, it may be recovered or delivery compelled in an action brought in a court of competent jurisdiction for such purpose by or in behalf of the distributee entitled to the property upon proof of the facts required to be stated in the affidavit. [Emphasis added.]
A.C.A. § 28-41-102 (Supp. 1995).
The emphasized language was amended by Act 687 of 1993. The primary impact of Act 687 of 1993 was to add subsections to the statute (not set out above) to ensure that real property would be included under the small estates law and to authorize the distributee of such an estate to publish a notice of the decedent's death, for the purpose of notifying creditors against the real property to present their claims within six months or be forever barred from doing so. See Title of Act 687 of 1993. The 1993 act also, however, changed the emphasized language above from the plural to the singular. Before the passage of the 1993 act, the five emphasized words above were in the plural; that is, the statutes formerly provided for "Collection of small estates by distributees," and referred elsewhere in the statute to "distributees" and "trustees."[1] The legislature, of course, is not presumed to have done a vain or useless thing. PhillipsPetroleum Co. v. Heath, 254 Ark. 847, 497 S.W.2d 30 (1973) and Death andPermanent Total Disability Trust Fund v. Whirlpool Corp.,39 Ark. App. 62, 837 S.W.2d 293 (1992). A question therefore arises as to the legislative intent in changing these words from the plural to the singular in the statutes. Was the intent to allow one distributee of the estate, if only one files and signs the affidavit, although other beneficiaries may be listed therein, to collect the property of the estate on behalf of the other distributees? Was the intent to allow a holder of property of the estate (such as a bank) to transfer the property only to the one distributee and be released from any further liability? I can find no satisfying evidence of legislative intent on these questions. Neither the title of the Act nor any emergency clause, or other evidence of legislative intent speaks to the reason for this change in language. Perhaps legislative clarification is therefore indicated. I will state, however, that in my opinion, since passage of the 1993 amendments, a court would be significantly more willing to accept an argument that the statute allows a bank to make payment to just the one distributee, than it would have been before the passage of this amendment. Under the former law, in my opinion, in all likelihood a bank in such a situation would have had to make distribution to each of the beneficiaries listed in the affidavit.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Actually, the word "trustees" was retained by Act 687 of 1993, but the Arkansas Code Revision Commission, in codifying the Act, changed the word "trustees" to "trustee" apparently so that it would agree with the singular word "distributee" used earlier in the same sentence.