The Honorable Joe D. Wray, Prosecuting Attorney 10th Judicial District P.O. Drawer 32 Hamburg, Arkansas 71646
Dear Mr. Wray:
This official Attorney General opinion is issued in response to your recent question regarding D.U.I. offenders. More specifically, you have asked:
 If a person is convicted of D.U.I. (driving under the influence), pursuant to the provisions of A.C.A. § 5-65-303, may the court suspend imposition of the sentence or place the defendant on probation?
It is my opinion that the court may not suspend imposition of the sentence or order probation for a person who is convicted of D.U.I. pursuant to A.C.A. § 5-65-303 (the "Underage Driving Under the Influence Law").
My conclusion regarding this matter is based upon a collective reading and reconciliation of various statutes that address the issue of probation and suspended imposition of sentence.
First, the "Underage D.U.I. Law" explicitly prohibits courts from utilizing the provisions of A.C.A. § 16-93-301 et seq. to order probation for defendants under the "Underage D.U.I. Law." See A.C.A. §5-65-308(a)(2). (The provisions of A.C.A. § 16-93-301 generally allow courts to order probation for first offenders who plead guilty or nolo contendere to a felony.)
Second, the provisions of A.C.A. § 5-4-104, which set forth the general sentencing rules, explicitly prohibit the courts from suspending imposition of sentence or placing the defendant on probation for "driving while intoxicated." See A.C.A. § 5-4-104(e)(1)(A)(iv). Similarly, the provisions of A.C.A. § 5-4-301 et seq., which establish the guidelines for probation and suspended imposition of sentence, prohibit probation and the suspension of imposition of sentence for the offense of "driving while intoxicated." See A.C.A. § 5-4-301(a)(1)(D).
You note in your correspondence that neither A.C.A. § 5-4-104 nor A.C.A. § 5-4-301 creates an explicit exception for "driving under the influence," as they do for "driving while intoxicated," thus giving rise to an argument that the legislature intended that the prohibition only apply to offenders under the "Omnibus Driving While Intoxicated Act" (A.C.A. § 5-65-101 et seq.), and not to offenders under the "Underage Driving Under the Influence Law." Although it is true that the offense of "driving under the influence," as created by the "Underage D.U.I. Law," did not exist when A.C.A. § 5-4-104 and A.C.A. § 5-4-301 were enacted, it is nevertheless my opinion that the references to "driving while intoxicated" in those statutes should be read to include "driving under the influence" pursuant to the "Underage D.U.I. Law."
Both statutes appear to use the phrase "driving while intoxicated" in its common-usage sense, rather than as a specific reference to the "Omnibus Driving While Intoxicated Act." Neither A.C.A. § 5-4-104 nor A.C.A. §5-4-301 makes any explicit reference to that Act. Moreover, both statutes were amended in 1993, at which time the "Underage D.U.I. Law" was being enacted, but neither statute was amended to specify that the prohibition only applied to the previously-existing offense of "driving while intoxicated" under the "Omnibus Driving While Intoxicated Act." It is my opinion that such an amendment was seen to be unnecessary because these statutes' references to "driving while intoxicated" was understood to carry its common meaning, rather than being a reference to a particular statute. The common-usage meaning of the word "intoxicate" is reflected in the definition of that term as set forth in the American HeritageDictionary: "To induce, esp. by the effect of ingested alcohol, any of a series of progressively deteriorating states ranging from exhilaration to stupefaction." This common-usage definition of "intoxicate" is clearly broad enough to encompass the idea of "driving under the influence" as that phrase is used and defined in the "Underage D.U.I. Law." The term "influence" is defined in the D.U.I. Law as: "being controlled or affected by the ingestion of an alcoholic beverage or similar intoxicant, or any combination thereof, to such a degree that the driver's reactions, motor skills, and judgment are altered or diminished. . . ." This definition describes intoxication, as that term is commonly understood.
The legislature, by enacting A.C.A. § 5-65-308 as a part of the D.U.I. Law, prohibited probation for offenders who are guilty of driving in a state of this type of intoxication. I find it unlikely that the legislature would have intended that such offenders be allowed probation under the authority of another statute. This would be the effect of reading A.C.A. § 5-4-104 and A.C.A. § 5-4-301 to refer only to "driving while intoxicated" within the meaning of the "Omnibus Driving While Intoxicated Act." Indeed, such a reading of these references would render meaningless the provisions of A.C.A. § 5-4-308, which prohibit probation for D.U.I. offenders. The Arkansas courts have held that they have a duty to interpret statutes relating to the same subject in a manner that would allow both to be effective, if possible. See Hercules, Inc. v. Pledger,319 Ark. 702, 894 S.W.2d 576 (1995); Weyerhaeuser Co. v. Johnson,48 Ark. App. 100, 891 S.W.2d 64 (1995). The courts have further held that it is inappropriate to presume that the legislature enacted a vain or meaningless law. Death and Permanent Total Disability Trust Fund v.Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293 (1992). An interpretation of A.C.A. § 5-4-104 and A.C.A. § 5-4-301 that would exclude the offense of "driving under the influence" from those statutes' prohibitions would be contrary to both of these rules of statutory interpretation.
My reading of the provisions of A.C.A. § 5-4-301 is bolstered by the notes to that Act, which state: "Acts 1991, No. 608, § 4, provided: `It is the express intent of this act to clarify current sentencing provisions for Class Y felonies, second degree murder, driving while intoxicated and drug related offenses. . . . The intent of §§5-4-104(e)(1) and 5-4-301(a)(1) was to insure that persons convicted of serious offenses received, and were forced to serve, sentences commensurate with the severity of the offense committed.'" A.C.A. §5-4-301, Publisher's Notes, quoting Acts 1991, No. 608, § 4. This statement reflects a legislative intent that offenders guilty of offenses of the seriousness of those listed be prohibited from receiving a suspended imposition of sentence or probation. Driving under the influence is an offense of that level of seriousness.
As a final matter, I must address your inquiry about A.C.A. § 5-4-322, which allows courts to place a defendant on probation or sentence him to public service. It specifically excepts defendants charged under the "Omnibus D.W.I. Act." You note that it makes no mention of the "Underage D.U.I Law," thereby giving rise to an argument that D.U.I. defendants are not excepted from its provisions and can therefore receive probation or be sentenced to public service. My analysis leads me to reject such an argument. It is my opinion that the provisions of A.C.A. § 5-4-322 do not apply to offenders charged under the "Underage D.U.I. Law," despite the fact that such offenders are not explicitly excepted. In addition to the reasoning set forth above, which also supports my conclusion with regard to this matter, I also base my conclusion on the fact that the "Underage D.U.I. Law" contains its own provision regarding public service — A.C.A. § 5-65-306. It requires that any person who pleads guilty or nolo contendere, or who is found guilty of D.U.I. be ordered to public service. Because the D.U.I Law has its own special public service provision, the more general public service provision of A.C.A. § 5-4-322
does not apply. It is well established in Arkansas that a general statute does not apply when there is a specific statute covering the particular subject. Sunbelt Courier v. McCartney, 31 Ark. App. 8, 786 S.W.2d 121
(1990), aff'd 303 Ark. 522, 798 S.W.2d 92 (1990); Thomas v. Easley,277 Ark. 222, 640 S.W.2d 797 (1982). I find it notable that the D.U.I.'s special public service provision makes no mention of probation. This factor supports my conclusions above that the legislature did not intend that D.U.I. offenders receive probation.
For the above-stated reasons, I conclude that the courts may not suspend the imposition of sentence or order probation for defendants who are guilty of "driving under the influence" within the meaning of the "Underage D.U.I. Law."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh