The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032-0787
Dear Senator Russ:
This official Attorney General opinion is issued in response to your recent questions regarding Act 836 of 1997, which repeals Act 758 of 1995.
Act 758 authorized property reappraisals for taxation purposes to take place cyclically over a period of more than one year. It provided that such cyclical reappraisals were not "countywide reappraisals" within the meaning of Amendment 59 to the Arkansas Constitution. Therefore, the rollback provisions of Amendment 59 (which allow a reduction in the amount of taxes paid on such reappraised property) did not apply to reappraisals conducted under the authority of Act 758. See Op. Att'y Gen. No. 96-188.
As previously stated, Act 836 of 1997 repealed Act 758 of 1995. In addition to repealing Act 758, Act 836 of 1997 also affirmatively addressed certain matters concerning property reappraisal. The Act provides, generally, that when a countywide reappraisal takes place over a period of more than one year, taxes based upon the new, reappraised property values will not go into effect until after the county-wide reappraisal has been completed. Moreover, the rollback provisions of Amendment 59 will be applicable to such taxes.
Nevertheless, Section 2(e) of the Act states: "Ad valorem taxes which are due and owing on the effective date of this act shall continue to be due and owing and shall not be affected by the terms of this section."
You have expressed a particular concern about Section 2(e). Your concern arises out of the fact that in Faulkner County, a reappraisal was begun under Act 758. Approximately twenty percent of the property in the county was reappraised. This reappraisal resulted in substantially increased property values for the twenty percent of the county that was reappraised. Because this portion of the reappraisal was conducted under the authority of Act 758, the rollback authorized by Amendment 59 was not applicable.
As a result of your concern regarding this situation, you have presented the following questions:
 (1) Does Section 2(e) of Act 836 of 1997 mean that the twenty percent of the property that was reappraised in Faulkner County under Act 758 is taxable on the basis of the higher, reappraised property values before the countywide reappraisal is completed?
 (2) If these parcels are taxable at the higher levels, does this conflict with the provisions of Amendment 59 requiring the levy of new taxes, with a rollback, after the countywide reappraisal is completed?
 (3) Does the county court have jurisdiction, pursuant to Article 7, § 28 of the Arkansas Constitution, over matters relative to Section 2(e) of Act 836?
 (4) If the county court lacks jurisdiction, does the circuit court have original jurisdiction and may the county court petition it for a declaratory judgment on these matters?
RESPONSE
General
It has come to my attention that the issues presented in Questions 2, 3, and 4 are currently the subject of litigation. I am therefore unable to render an opinion in response to these questions. It is a long-standing policy of this office not to issue legal opinions on matters that are pending before the courts for determination. Such matters are properly decided by the judiciary; commentary from any of the other branches of government would present a threat to the constitutional principle of separation of powers. Moreover, it is not the function of the Office of the Attorney General to give legal advice regarding particular matters that are the subject of dispute. Questions of this nature should be directed to the Assessment Coordination Division.
Accordingly, I must decline to opine in response to Questions 2, 3, and 4.
I will, however, proceed to address Question 1 as it regards an interpretation of Section 2(e) of Act 836 of 1997.
Question 1 — Does Section 2(e) of Act 836 of 1997 mean that the twentypercent of the property that was reappraised in Faulkner County under Act758 is taxable on the basis of the higher, reappraised property valuesbefore the countywide reappraisal is completed?
It is my opinion that Section 2(e) of Act 836 of 1997 should be interpreted to refer to all property taxes for 1996. All property taxes for 1996 were already due and payable on the effective date of the Act. The effect of Section 2(e) is simply to make the other provisions of Act 836 inapplicable to 1996 taxes. The result is that any property that was reappraised prior to the calculation of 1996 taxes (and for which the reappraised value formed the basis for the 1996 tax calculation) should be taxed as it would have been taxed prior to the enactment of Act 836 of 1997.
Under Arkansas' tax collection procedures, property taxes are deemed to be "due and payable" during the time period beginning on the first business day in March and ending October 10. A.C.A. § 26-36-201. (After October 10, unpaid taxes are delinquent.) The taxes which are due and payable during this time period (from the first business day in March through October 10) are those for the previous year.[1]
Act 836 of 1997 became effective on March 26, 1997. On that date, all property taxes for 1996 were already deemed to be due and payable (and had been so deemed since the first business day in March, 1997). It is clear that Section 2(e) refers to 1996 taxes. The section could not have referred to taxes for any years previous to 1996, because those taxes were "delinquent," rather than "due and owing," on the effective date of Act 836. See A.C.A. § 26-36-201. Neither could the language of Section 2(e) have been a reference to taxes for any years after 1996, because those taxes had not yet been levied as of the effective date of Act 836. The reference therefore had to be to 1996 taxes. The section would be meaningless if it were interpreted to refer to taxes for any year other than 1996, because it would not have applicability to any taxes whatsoever. The Arkansas Court of Appeals has held that in interpreting statutory language, it is inappropriate to presume that the legislature enacted a vain or meaningless law. Death and Permanent Total Disabilityv. Whirlpool Corp., 39 Ark. App. 62, 837 S.W.2d 293 (1992).
It is my understanding that the legislature's inclusion of Section 2(e) in Act 836 was prompted, at least in part, by concern over the decision in Federal Express Corp. v. Skelton, 265 Ark. 187, 578 S.W.2d 1 (1979). In that case, the court held that the legislature cannot, by statute, "forgive" a matured tax obligation of a corporation. Tax obligations are mature, the court held, from the date on which they are "due and payable" under applicable law. Id. at 196. Additional practical considerations concerning the legislature's ability to impact the collection of 1996 taxes (which collection is the culmination of an ongoing tax process, much of which had already occurred as to 1996 taxes on the effective date of the Act), may have also prompted the inclusion of Section 2(e).
Accordingly, I must conclude that taxes for the year 1996 were due and owing on the effective date of Act 836 of 1997, within the meaning of Section 2(e) of the Act, and are not affected by the other provisions of the Act, even if these taxes were calculated on the basis of higher, reappraised property values.[2] This is the plain language of the Act, and I am constrained by law to interpret it as written. Ark. Dept. ofHuman Serv. v. Wilson, 323 Ark. 151, 913 S.W.2d 783 (1996); Caplenger v.Bluebonnet Mill. Co., 322 Ark. 751, 911 S.W.2d 586 (1995).
It should be noted, however, that if the collection of these taxes entails collecting some taxes that were calculated on the basis of new, reappraised property values while collecting others that were calculated on the basis of old property values, such collection could, depending upon the proceedings in the pending litigation, give rise to a legal challenge that could result in a refund being required, particularly in instances where the taxes were not voluntarily paid. The counties should remain cognizant of the possibility that a refund may be required in certain instances.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The chronology of the taxation procedure can be traced through A.C.A. §§ 26-28-303, 26-27-309, 26-27-204, 26-28-303, 26-27-108,26-35-705, and 26-36-201.
[2] Your ultimate question regarding whether a portion of Faulkner County should be taxed at the "higher, reappraised property values" is the subject of the litigation mentioned above. The courts must ultimately decide this question. I opine herein only that the legislature has excluded the collection of 1996 taxes from the new substantive provisions of Act 836 of 1997.